# JOSEPH C. WILLARD v. ST. PAUL CITY RAILWAY COMPANY.[1]

December 8, 1911.

Nos. 17,265—(121).

**Passenger ejected — no right to resist — question of excessive force.**

The plaintiff was a passenger on the car of the defendant, but by the failure of the conductor to call the streets he was carried past his destination. He rode around the loop, for the purpose of riding back to his destination. While he was riding on the car on his return trip, the conductor requested him to pay his fare or get off the car. He refused to do either, and in forcibly resisting the attempt of the trainmen to eject him he was injured. *Held:*

1. The plaintiff had no right, at the time he was ejected, to ride on the car without paying the fare, and, upon his refusal to pay or get off, it was the right and duty of the trainmen to put him off, provided they used only such reasonable force as was necessary.

2. Even if the plaintiff's claim to be carried back to his destination had been right, it was his duty peaceably to have left the car when ordered so to do. If he was in the right, his cause of action was complete when he was ordered to leave the car, and public order and the safety and comfort of the passengers forbade a decision of the justice of his claim by wager of battle.

3. The question whether the force used by the trainmen was excessive was made a question of fact by the evidence, which is sufficient to sustain a verdict for the plaintiff.

4. The trial court committed no reversible error in its rulings as to the admission of evidence. The damages are not excessive.

Action in the district court for Ramsey county to recover $10,310 for personal injuries. The answer alleged that plaintiff remained in the car after it arrived at the end of the line and started on its

[1] Reported in 133 N. W. 465.

[Note] As to duty of passenger to pay fare wrongfully demanded in order to avoid expulsion and lessen damages, see note in 34 L.R.A.(N.S.) 282.

Validity of regulation requiring passenger to pay fare in case of dispute, see note in 2 L.R.A.(N.S.) 695.

return trip to Minneapolis; that he refused to pay the fare demanded and refused to leave the car when requested so to do, whereupon he was ejected from the car, but denied that unnecessary force was used. The reply was a general denial. The case was tried before Kelly, J., and a jury which returned a verdict in favor of plaintiff for $1,500. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*W. D. Dwyer,* for appellant.
*Wondra & Helm,* for respondent.

START, C. J.

The plaintiff, a strong man weighing one hundred seventy-eight pounds before his injury, was on August 27, 1910, at about 10:30 o'clock p. m. on one of the cars of the defendant which was going up Wabasha street in the city of St. Paul. When the car was nearing the State Capitol, the conductor of the car requested the plaintiff to pay his fare. He refused so to do for the reason, as he then claimed, that he boarded the car at Minneapolis, paid his fare to St. Paul, and seasonably informed the conductor that he wished to get off at Avon street; that the conductor failed to call that street, whereby, without fault on his part, he was carried past his destination. He then rode around the loop and claimed the right to be carried back to Avon street without payment of another fare. The conductor insisted that he pay his fare or get off the car. He refused to do either. The conductor then called the motorman, and together they attempted to put the plaintiff off the car. He forcibly resisted them to the full extent of his physical powers. He was finally forced—or, as he testified, thrown—from the car, striking the ground, whereby he was seriously injured. This is an action to recover from the defendant damages for injuries so sustained.

The trial court correctly instructed the jury to the effect that the plaintiff, at the time he was ejected from the car, had no right to ride on the car without paying the fare demanded by the conductor, and that it was the right and duty of the conductor to put him off the car upon his refusal to pay the fare, provided he used

only such reasonable force as was necessary to remove him therefrom, and, further, that if, in ejecting him from the car, the trainmen used more force than was reasonably necessary, under the circumstances as disclosed by the evidence, which was the direct cause of his injury, the defendant would be liable therefor, but, if no greater force was used than was reasonably necessary to overcome the plaintiff's resistance and to eject him from the car, he could not recover. The jury found for the plaintiff on this issue, and returned a verdict for $1,500 damages. The defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

1. The first contention of the defendant is that upon the whole evidence it was entitled as a matter of law to a directed verdict in its favor.

The plaintiff's conduct, judged by his own testimony, deserves censure, and if the trainmen used no more force than was reasonably necessary to eject him he is not entitled to any compensation for his injuries, for he brought them upon himself by his own misconduct. Even if his contention had been correct, his cause of action was complete when he was ordered to leave the car, and he had no right to remain, throw down the glove, and demand a trial of the justice of his claim by wager of battle. Public order and the safety and comfort of the passengers on the car forbade it. Morrill v. Minneapolis Street Ry. Co. 103 Minn. 362, 115 N. W. 395, 123 Am. St. 341.

While the trainmen were not bound at their peril to measure with mathematical certainty the amount of force to be used in overcoming the plaintiff's resistance, yet if they used essentially more force than was reasonably necessary they became wrongdoers, and they and the defendant are liable. We have, then, the simple question whether the evidence conclusively shows as a matter of law that the trainmen used only so much force as was reasonably necessary to eject the plaintiff. If his testimony be true, and of this the jury were the judges, excessive force was used in ejecting him, as he testified that the trainmen pitched him headlong off the car. The question was one for the decision of the jury, and the defendant's

motion for judgment was properly denied. The evidence was suffi-
cient to sustain the verdict, and the motion for a new trial on this
ground was rightly denied.

2. On the trial a physician was called as a witness by the plain-
tiff, and asked, with others, this question: "Doctor, I ask you, you
heard the testimony of the plaintiff, and from that testimony and
from your medical examination that you made of this plaintiff, can
you form an opinion as to what caused these conditions that you
found? (Objected to by the defendant as improper and not based
on the evidence, and there is no foundation laid for the question.)"
The objection was overruled, the witness answered in the affirmative,
and over the objection of defendant gave his opinion. The ruling
is assigned as error.

Technically the question was subject to the objection that it did
not assume the truth of the testimony, but that objection was not
made. The objection that "there is no foundation laid for the
question" is too general to be of any avail, and falls within the
rule, especially applicable to expert evidence, that an objection to
the introduction of evidence must state the precise point of the ob-
jection, so definitely that the court may intelligently rule upon it,
and the adverse party may, if the case will admit of it, remove the
objection. Dunnell, Minn. Digest, § 9739. We find no reversible
error in this ruling, nor in any of the rulings of the trial court on
the admission of evidence.

The learned trial judge in ruling in defendant's favor upon the
question as to the admissibility of evidence, gave as a reason there-
for that: "We all know that a man with a broken joint never will
get as well as when the Lord made him." This is assigned as error,
for the alleged reason that it was a misapprehension of the facts
and an invasion of the province of the jury. Upon a consideration
of the evidence relevant to this assignment of error, we are of the
opinion that, if the remark was error, it was an abstract one, and
in no event a reversible one.

3. The last contention is that the damages are excessive. Our
conclusion, from a consideration of the evidence, is that the dam-
ages awarded are liberal, and all the plaintiff was entitled to in

view of his conduct; but they are not excessive, within the rule applicable to such cases.

Order affirmed.