EVELYN C. SCHULTZE, Appellant, *v.* CORNELIUS A. McGUIRE, Respondent.

OTTO H. SCHULTZE, Appellant, *v.* CORNELIUS A. McGUIRE, Respondent.

**Negligence — master and servant — motor vehicles — question of fact — use of automobile by chauffeur contrary to instructions of master — employer liable for damages caused by negligence of chauffeur if at time of accident he was taking car back to course he had been directed to take — not liable if chauffeur was still proceeding away from direct road upon his own business — jury not bound to credit testimony of chauffeur that at time of accident he was still proceeding on his own errand.**

1. Where a chauffeur, contrary to his employer's instruction to take the automobile home, used it for an errand of his own but at

the time of the collision, for injuries received in which this action was brought, his errand was fully performed, he was already leaving the place visited by him and was only a very short distance from the direct road which it was his duty to take; his employer is liable for any damages caused by his negligence if at that time he was taking the automobile back to the course which the employer had directed him to take; the employer is not liable if after his errand was finished the chauffeur was still proceeding away from his direct road and upon other business of his own.

2. Testimony of the chauffeur, an interested witness, that at the time of the accident he was proceeding, contrary to his employer's instructions, to make a visit at another place and that the automobile was turned towards that place and away from the road home presents a question for the jury which, though it might reasonably credit its truth after weighing all probabilities, yet was not bound to do so.

*Schultze* v. *McGuire,* 212 App. Div. 834, reversed.

(Argued December 15, 1925; decided January 12, 1926.)

APPEAL, in each of the above-entitled actions, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 5, 1925, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

*John Boyle* for appellant. The question whether the chauffeur had abandoned his master's business was one of fact and as such should have been left to the jury. (*Bryan* v. *Bunis,* 203 N. Y. Supp. 634; *Gulliver* v. *Blauvelt,* 14 App. Div. 523; *Cunningham* v. *Castle,* 127 App. Div. 580; *Ferris* v. *Sterling,* 214 N. Y. 253.) The chauffeur had not abandoned his master's business at the time of the accident. (*Riley* v. *Standard Oil Co.,* 231 N. Y. 301; *Ferris* v. *Sterling,* 214 N. Y. 253; *Cunningham* v. *Castle,* 127 App. Div. 588; *Gulliver* v. *Blauvelt,* 14 App. Div. 525; *Bryan* v. *Bunis,* 203 N. Y. Supp. 634; *Baum* v. *Schweitzer,* 208 N. Y. Supp. 549.)

*Willard N. Baylis, George P. Sanborn* and *Lester Y. Baylis* for respondent. The complaints were properly

dismissed as it appeared by the uncontradicted and affirmative evidence of both plaintiffs and defendant that at the time of the accident the chauffeur had abandoned his master's business, and there remained no issue for the jury's consideration. (*Der Ohannessian v. Elliott*, 233 N. Y. 326; *Hull v. Littauer*, 162 N. Y. 569; *Reilly v. Connable*, 214 N. Y. 586; *Flatley v. Dore*, 212 App. Div. 801; *Cunningham v. Castle*, 127 App. Div. 580; *Potts v. Pardee*, 220 N. Y. 431; *Fallon v. Swackhamer*, 226 N. Y. 444; *Rose v. Balfe*, 223 N. Y. 481; *Perlmutter v. Byrne*, 193 App. Div. 769; *Fiocco v. Carver*, 234 N. Y. 219.) The court properly withdrew these cases from the jury's consideration. (*Fallon v. Swackhamer*, 226 N. Y. 444; *Campbell v. Warner*, 234 N. Y. 645; *Perlmutter v. Byrne*, 193 App. Div. 769; *Powers v. Wilson*, 203 App. Div. 232; *Maher v. Benedict*, 123 App. Div. 579; *Der Ohannessian v. Elliott*, 233 N. Y. 326.)

LEHMAN, J. An automobile owned by the defendant and operated by a chauffeur hired by him, collided with an automobile in which the plaintiffs were driving. The plaintiffs brought these actions to recover damages for injuries sustained in the collision. The complaints were dismissed on the ground that the defendant was not liable for negligence, if any, on the part of the chauffeur because at the time of the collision the chauffeur was using the automobile for his own purposes without the defendant's permission. It is undisputed that on the morning of the accident the chauffeur had used the automobile to drive the defendant and his son from the defendant's home to the railway station. There is testimony that the defendant told his chauffeur to take the automobile back to his home. The collision occurred as the chauffeur was leaving the grounds of a yacht club, a very short distance from the road which the chauffeur usually took in going from the railroad station to the defendant's home. We may upon this appeal assume that the evidence con-

clusively shows that the chauffeur entered the yacht club grounds without defendant's permission and upon an errand of his own.  It is quite immaterial whether the chauffeur in leaving the usual road to his employer's home and entering the grounds of the yacht club had merely deviated from his employer's instructions or had temporarily abandoned his employment.  At the time of the collision his errand was fully performed; he was already leaving the yacht club; he was only a very short distance from the direct road which, according to his story, it was his duty to take; his employer under such circumstances is liable for any damages caused by his negligence if at that time he was taking the automobile back to the course which the employer had directed him to take; the employer is not liable if after the errand at the yacht club was finished the chauffeur was still proceeding away from his direct road and upon other business of his own.

The chauffeur testified that at the time of the accident he was proceeding contrary to the defendant's instructions, to visit his mother who was living in the gardener's house on an estate some distance away and the automobile was turned in the direction of this estate and away from the road to the defendant's home.  The defendant testified that he had not directed or by silence consented to such visit.  If the chauffeur's story is true it completely rebuts inference or presumption that the chauffeur was acting for the defendant which arises from the defendant's ownership of the car and his hiring of the chauffeur who operated it.  The trial court has held that the jury could not reasonably disregard this testimony — that although it was given by interested parties, its truth may not reasonably be challenged.  It would serve no useful purpose to set forth the chauffeur's testimony in detail; certainly a jury might reasonably credit its truth after weighing all probabilities, yet we find that it would not be bound to do so.  Doubt of its verity

might reasonably be based on some of its content and the jury rather than the court should have passed upon its truth.

The judgment in each case should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; HISCOCK, Ch. J., not voting.

Judgments reversed, etc.