## DANIEL J. COYNE AND ANOTHER v. BEARMAN FRUIT COMPANY.[1]

March 1, 1929.

No. 26,784.

*Ell M. Roston,* for appellant.
*Allen & Fletcher,* for respondents.

HILTON, J.

Defendant appeals from a judgment rendered against it in the Minneapolis municipal court.

Plaintiffs are a produce merchant partnership located in Chicago. Defendant is a Minnesota corporation engaged in the wholesale fruit and produce business in Minneapolis. On December 29, 1923, defendant telephoned to C. H. Robinson Company of Chicago, brokers and car lot handlers of fruit and vegetables, that it was diverting from Kansas City to Robinson company a carload of carrots to be handled at the best possible advantage. Defendant was advised not to send it because of the cold weather and that results were doubtful; defendant decided to send the car. On arrival of the car in Chicago, Robinson company wired defendant thereof and stated that unless otherwise instructed they would consign it to the best advantage. No different instructions were given. As agent of defendant, Robinson company consigned the car of carrots to

[1]Reported in 224 N. W. 146.

plaintiff for disposition. Plaintiff received the car, paid the freight, but could not unload it for some time on account of the cold weather. The carrots were partly frozen on arrival. They came in bulk. In order to meet market conditions, it was necessary to put them in 215 crates. This plaintiff did. Walker, the manager of Robinson company, testified that A. N. Bearman, president of defendant, was in Chicago early in January and, upon being told what had been done, gave approval thereof.

Plaintiff sold 96 crates of the carrots, and 119 were put in cold storage. Not satisfied with conditions, about February 9 defendant ordered the 119 crates delivered to another concern. Plaintiff had paid the freight, cost of crates, labor, car service and for cartage services which, including brokerage charges of $27.28, made $693.75. The proceeds from the sales made by plaintiff were $272.75. The difference of $421 was demanded of defendant and, on being refused, this suit was brought. Defendant denied liability and counterclaimed for $1,000. A verdict was returned for plaintiff in the full amount with interest, which sum with costs amounted to $556.94, the amount of the judgment here appealed from.

Defendant, having moved for a directed verdict at the close of the evidence, made a motion in the alternative for judgment non obstante or for a new trial. The motion was denied. The first two assignments call in question the sufficiency of the evidence to sustain the verdict. The other three have to do with an exhibit.

■ The real question involved in the case was whether plaintiff properly performed its duty in the premises or whether it was guilty of negligence in the handling and disposing of the carrots, resulting in damage to defendant. The evidence was lengthy. Every possible detail was covered. It was strictly a jury question. The evidence more than sufficiently sustained the verdict.

■ At the trial the deposition of Edward Coyne, a member and manager of plaintiff, was received and read in evidence. He produced a tabulation showing the amount received from different lots of carrots sold and the amount of money paid out on account of freight and other charges. He stated that it had been made under

his general supervision and control; that the facts therein contained were correct of his own knowledge. He was then asked as to a certain item therein, and the question was objected to on the ground that it was calling for a conclusion of the witness and no foundation laid. The memorandum in question was offered and objected to as not the best evidence and no foundation laid. The court admitted it, stating:

"It is admissible, I think, for the purpose of showing what he was testifying to at the time. It isn't admissible to prove those charges, like account books are."

Later in the trial the court said:

"It is admitted merely for the purpose of identifying the matters referred to in the questions and answers, to make them intelligible."

In his instructions to the jury the court said:

"In the evidence in this case there has been admitted a certain account sales, which is in the form of an ordinary bill, which will come to you. The court has not admitted that paper for the purpose of proving that the items in it were expended or paid out by the plaintiff, or that they were expended or paid out on the dates or in the amounts or for the purposes stated in the bill or in that account sales or exhibit. That exhibit is not evidence of those facts. It it admitted for the sole purpose of explaining certain questions and certain answers made in these depositions, and the jury will not consider it in any other light or give it any other effect."

Explicit testimony was given by the witness as to each one of the items making up the account, and no possible harm could have resulted to defendant because of the admission of the exhibit for the limited purposes stated by the court. It is not necessary for us to rule upon the contention of plaintiff that the exhibit was properly admitted for all purposes. There is no question but that the verdict is amply justified by the evidence, and no error was committed by the court.

Judgment affirmed.