## HELEN STEINLE v. S. L. BECKWITH.
## AILE AND CHARLES ABRAHAMSON v. SAME.[1]

December 11, 1936.

No. 30,962.

*Mitchell, Gillette, Nye & Harries,* for appellant.
*Roderick Dunn,* for respondents.

DEVANEY, CHIEF JUSTICE.

This case involves three actions for recovery of damages arising out of the same accident.

On Thursday, August 29, 1935, defendant, S. L. Beckwith who was a resident of Highland Park, Illinois, was in the city of Duluth, Minnesota. On the same day he left Duluth for the purpose of going fishing in the vicinity of Ely, Minnesota, planning to return on the following Sunday or Monday. Before leaving he took his automobile to a gasolene filling station in Duluth, where he had

[1]Reported in 270 N. W. 139.

been doing business for some months, and left it in the custody of the manager, one John Christensen, who was the only one on duty at that time. On the following Saturday, one Elwood Grenwall, a worker at said filling station, drove the defendant's automobile to a dance in the vicinity of Duluth. On his return from the dance about 12 p. m. he collided with the automobile in which the plaintiffs were riding.

The three actions were tried together, and the jury returned a verdict for plaintiff in each. All three of the cases involve the same questions and are before us on appeal from an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial.

Two questions are presented:

·(1)   Was the evidence sufficient to warrant the jury in finding that Grenwall was acting with the consent or permission of the defendant at the time he drove the automobile?

(2)   Is the defendant liable in such case under L. 1933, c. 351, § 4, 3 Mason Minn. St. 1934 Supp. § 2720-104?

■   We believe that there was ample testimony supporting the finding that Grenwall used the car with defendant's consent. It is true that defendant and Christensen testified that defendant left his car with Christensen with the express understanding that it would be left on the vacant lot on which the filling station was situated until the defendant's return, and there is no direct evidence contradicting this testimony. But there are circumstances and other testimony contained in the record which justified the jury in believing that Grenwall drove the car with defendant's permission. As stated by the trial court in a well considered memorandum:

"The testimony of the defendant and Christensen as to the arrangements that the car was to be left on the lot also seem to be very unreasonable and untrue. It is conceded that there was no place on this filling station property to store cars; the car could not be locked up or put under shelter; if left at all, it would have to be left on a vacant lot with nobody in charge. It hardly seems that the defendant would take this means to keep his car safely

426

while he was absent from the city. I think the jury were well justified in disbelieving his testimony."

· The testimony indicates that the defendant was on good terms with Christensen and Grenwall. It further appears that Christensen used the car for a trip to Deerwood, Minnesota, and that defendant knew he contemplated such a trip over the week end. The car was also used by Christensen's father-in-law most of the day Friday for moving furniture with Christensen's consent, and it was driven on Saturday by Grenwall with the consent of Christensen, although it is claimed that the permission did not include taking the car to a dance.

, A. Walter Steinle, father of one of the plaintiffs, testified as follows concerning a conversation had with the defendant after the accident:

Q. "Just before what he said what did you say about the use of the car?

A. "He just said that the boys—he had given the boys permission to use it.

Q. "What did you ask him?

A. "What did I ask him?

Q. "Yes.

A. "Well, I asked him did he give the boys permission to use the car.

Q. "And what was his answer?

A. "He said he did give the boys; he did.

Q. "What did he say? Will you give me his words as nearly as you can recall?

A. "He just said, 'I gave the boys permission to drive the car.'

Q. "Did he say that he had given them permission to drive it anywhere or on any business or for any purpose?

A. "No, he didn't enter into the details at all.

Q. "Just gave them permission to drive the car?

A. "Just gave them permission to drive the car.   *   *   *

Q. "Did he tell you at that time how the car happened to be in the possession of Grenwall?

A. "No, we didn't go into any details other than that he said he gave them permission to drive it.   *   *   *

Q. "Do you want to say that he went any further than to say, 'The boys had permission to use my car'?

A. "I am sure he said, 'Mr. Grenwall'; we both understood who the party was, and so I am satisfied that he said Mr. Grenwall."

The testimony of defendant on this point was as follows:

Q. "When you were asked by Mr. Steinle whether you had given the boys up at the filling station, or words to that effect, permission during your absence to use your car, as I understand it, you didn't have any answer to that until you talked to Mr. Grenwall?

A. "That is right."

In our opinion, the testimony, particularly that concerning the admissions of the defendant, considering all the circumstances herein related, creates a reasonable inference that Grenwall was using the car with defendant's consent, and the verdict of the jury cannot be disturbed on that ground.

■ L. 1933, c. 351, § 4, 3 Mason Minn. St. 1934 Supp. § 2720-104, provides:

"Whenever any motor vehicle, after this act becomes effective, shall be operated upon any public street or highway of this state, by any person other than the owner, with the consent of the owner express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

This statute imposes upon an automobile owner liability for the negligent acts of the one using his automobile with his permission. See Miller v. Tyrholm & Co. Inc. 196 Minn. 438, 265 N. W. 324. The purpose and effect of this statute is to protect the public and to make an owner liable for injury caused by the negligent operation of his car, where his permission to use or operate it may be gathered from all the circumstances surrounding its possession by another at the time it was operated. The court will not withhold the application of the law where the facts fairly warrant its extension and application. The fact that such permission may be considered im-

plied rather than express, by the very terms of the statute, is made immaterial. Similar statutes have been approved by the United States Supreme Court in Young v. Masci, 289 U. S. 253, 53 S. Ct. 599, 77 L. ed. 1158, 88 A. L. R. 170, and Atkins v. Hertz Drivurself Stations, Inc. 291 U. S. 641, 54 S. Ct. 437, 78 L. ed. 1039.

The order must be and hereby is affirmed.