VIVIAN P. JEFFERS AND OTHERS v. BORGEN CHEVROLET COMPANY AND ANOTHER.[1]

March 5, 1937.

No. 31,054.

*Briggs, Weyl & Briggs,* for relators.
*Meighen, Knudson & Sturtz,* for respondents.

[1]Reported in 272 N. W. 172.

PETERSON, JUSTICE.

*Certiorari* to review the decision of the industrial commission awarding compensation under the workmen's compensation act to the dependents of Henry A. Jeffers for his death. Death occurred on June 21, 1935, while the deceased was driving from his father-in-law's home, where he had had supper, on the main road and direct route to Waseca, where the employer had his place of business. The dispute is whether the deceased was then engaged in the course of his employment or whether he was on a personal errand of his own, unconnected therewith. The industrial commission found as a fact that death was caused by accidental injury arising out of and during the course of the employment. A finding of the commission upon a question of fact will not be disturbed when from the evidence and the inferences which may be drawn legitimately therefrom reasonable minds can draw a conclusion in harmony with that of the commission. Brameld v. Albert Dickinson Co. 186 Minn. 89, 242 N. W. 465; Henry v. D. A. O'Dell Motor Car Co. 191 Minn. 92, 253 N. W. 110. Deceased was employed as a salesman of new and used automobiles, accessories, parts, and radios for automobiles. It was part of his duty to call on the employer's customers to promote good will. He had no specified hours of employment. He did much of his work in the northern part of Freeborn county, in the vicinity of Clark's Grove and Geneva, which are south of Waseca. In the morning of that day deceased started from the employer's garage in a used automobile, known as the Madden car, for the territory in which he usually worked, to sell or exchange the car if he could, otherwise to return it late that afternoon or evening. The employer expected him back sometime about four o'clock in the afternoon. The employer used the demonstrator car which was assigned to deceased and known as his car, and advised him that the demonstrator would be at the garage about four o'clock in the afternoon. The employer returned his car prior to that time and left the keys with an employe there in charge. Deceased traveled to his territory in the Madden car and called on at least two persons to whom he tried to sell the car. He called on others in connection with the employer's business.

One customer had ordered a muffler and gave deceased a memorandum to be turned in to the employer, requesting delivery.

The road from Waseca to the territory in which the deceased worked passes the home of the parents of his widow. On the way he took his family to visit her folks and had supper with them on his way back. He left their home early in the evening, saying that he was going to Waseca to confer with his employer about a proposition which he had for the sale of the Madden car. On the way to Waseca he had an accident in which he was killed. The memorandum for the muffler was found in his pocket. Relators' claim is that the deceased was on a purely personal errand, unconnected with his employment at the time he was killed, in that he was then en route to pick up a customer with whom he had an engagement at Waseca and with whom he was going to a near-by village on a pleasure trip. The commission found against the contention of relators.

There was evidence that the employer's business required deceased to be upon the highway at the place where the accident occurred and during the hours thereof; that during the entire day he was engaged in the employer's business, trying to dispose of the Madden car, which had been intrusted to him that morning for the purpose of disposition, as well as otherwise attending to the employer's business; that he was using the employer's automobile and was returning to the employer's place of business at Waseca, as the employer expected him to do when he started out in the morning, and where he had business with the employer with respect to this car. The finding of the commission is supported by the evidence. Olson v. Eck's Homemade Sausage Co. 194 Minn. 458, 261 N. W. 3; Henry v. D. A. O'Dell Motor Car Co. 191 Minn. 92, 253 N. W. 110; Brameld v. Albert Dickinson Co. 186 Minn. 89, 242 N. W. 465; Reese v. National Surety Co. 162 Minn. 493, 203 N. W. 442; Lausche v. Denison-Harding Chevrolet Co. 185 Minn. 635, 643, 243 N. W. 52, in which it was held that an inference may be drawn from proof that the employe is driving the employer's car on a public highway, that the employe operated and used the car by the employer's authority and in his business or for his purposes. Ferris

v. Sterling, 214 N. Y. 249, 108 N. E. 406, Ann. Cas. 1916D, 1161 (*per* Cardozo, J.).

Stopping for supper at the home of his wife's folks did not take the deceased out of his employment. Meyer v. Royalton Oil Co. 167 Minn. 515, 208 N. W. 645; Nehring v. Minnesota Min. & Mfg. Co. 193 Minn. 169, 258 N. W. 307. There was no direct evidence that deceased started from the home of his wife's folks for the sole purpose of a pleasure engagement later in the evening. The evidence does show that he had made the arrangement referred to. But it also shows that deceased was to return to the employer's place of business with the Madden car, to deliver the customer's memorandum, to confer with his employer relative to the sale of the Madden car and to get his own car. The customer with whom he had the engagement said that they were to start from the employer's garage; that "then he [the deceased] would be through for the evening." That deceased had an engagement later in the evening was entirely consistent with the performance of his duties as an employe at the time of his death. To say that when he left his father-in-law's home, intending to keep the engagement, he converted the return trip into a purely personal one does not necessarily follow.

Respondent is allowed $100 attorneys' fees and costs and disbursements in this court.

Affirmed.

MR. CHIEF JUSTICE GALLAGHER, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.