# A. W. SCHULTZ AND ANOTHER v. SWIFT & COMPANY.[1]

June 27, 1941.

Nos. 32,865, 32,866.

*Leslie C. Scholle,* for appellant.

*Gallagher & Madden* and *Moonan & Moonan,* for respondents.

[1]Reported in 299 N. W. 7.

PETERSON, JUSTICE.

Plaintiffs, who are husband and wife, recovered verdicts against defendant for damages alleged to have been sustained as the result of a collision between the husband's automobile, in which the wife was a passenger, and defendant's automobile driven by its employe, one Jensen. The appeal is from the order denying defendant's motion in the alternative for judgment notwithstanding the verdict or a new trial.

The collision occurred at a street intersection in Albert Lea on Sunday afternoon, January 7, 1940. For the purposes of the appeal, it is conceded that Jensen was negligent and that the damages awarded are not excessive. Plaintiffs claim that Jensen was driving defendant's car at the time of the collision with its consent. Defendant's principal contention here, as below, is that Jensen drove the car at the time without its consent. It also raises some subsidiary questions relating to claimed errors at the trial.

Plaintiffs established by uncontradicted and undisputed testimony that the automobile belonged to defendant, that it was in the lawful custody of the employe Jensen, and that Jensen was operating the car at the time of the collision.

To overcome the *prima facie* case made by plaintiffs, defendant showed that Jensen was its sales representative in Albert Lea and surrounding territory; that the automobile, a coupé with defendant's name prominently displayed thereon, was furnished by it to Jensen to use for company business; that it instructed Jensen in writing and orally that he was limited to such use of the car; and that it checked on him to see that he kept within the limits of such permitted use. Jensen kept the car at his home, except on cold nights, when he took it to a garage. Defendant allowed Jensen two dollars per week for garage rent. He had no automobile of his own during the time he had the use of defendant's car.

The testimony showed that Jensen did not limit his use of the car to company business. He admitted that during 1939 he used

the car to go to the tennis court, to the golf course, to the home of friends to play ping-pong, and on errands in downtown Albert Lea. He admitted that he so used the car at least six times for each of the purposes mentioned except to go to play ping-pong, and that on such occasions the car stood parked where it was plainly discernible for more than an hour at a time. On such occasions, although his instructions were to carry no passengers, he transported several people with him.

Jensen testified that when he used the car in connection with his traveling to play ping-pong such use was an incident to his travel from his home to the post office to mail letters to defendant. It was his custom to go to the post office on Sundays to deposit mail for defendant. On the Sunday in question he had one Reese with him as his guest passenger. He testified that they were en route to the home of one Argue to play ping-pong; that although he was then bound in the direction of the post office he had deposited the mail in the forenoon and was not going to the post office at the time; and that his use of the car at the time was for his own personal use.

Reese was called as defendant's witness. He substantiated Jensen's version of the trip. But he was impeached by his written statement, which he gave immediately after the collision, to the effect that Jensen used the car whenever they went to someone else's house to play ping-pong. His statement was that Jensen "always drove the Swift & Company coupé, as he at that time had no car of his own."

Defendant's practice was to set up a permissible maximum weekly use of the car by Jensen depending on the territory he was to cover. He was required to report the actual mileage traveled by him. There was no objection to his mileage so long as it came "within a very few miles" of the permissible maximum. Defendant had a "general man" who checked the mileage on Jensen's car for comparison with his written reports. He called on Jensen at Albert Lea without prior notice when he made such a checkup.

Jensen reported the collision to defendant. There was some exchange of correspondence between them relating to the accident.

Defendant produced some of its records which were pertinent, but not others. It produced the written instructions relating to the use of the car. But it did not produce the mileage records nor the correspondence relating to the accident. Plaintiffs made no demand for the production of records. Defendant called as witnesses its employes Jensen and one Harcourt, who was his immediate superior, but it did not call Mr. Argue, at whose home the ping-pong was to be played, nor its fieldman who checked Jensen's mileage by the speedometer on the car.

■ An owner who consents to the operation of his automobile by another upon a public street or highway is liable under the safety responsibility act for the operator's negligence. Steinle v. Beckwith, 198 Minn. 424, 270 N. W. 139. The act provides that "whenever any motor vehicle * * * shall be operated upon any public street or highway * * * by any person other than the owner, with the consent of the owner express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof." 3 Mason Minn. St. 1940 Supp. § 2720-104. While the owner's liability for the driver's negligence is based on his consent to the latter's operation of the vehicle, the statute provides no formula or rule by which the fact of consent is to be determined in a particular case. In the nature of things, such a formula or rule would probably be impracticable. Consent is to be determined like any other fact. Koski v. Muccilli, 201 Minn. 549, 277 N. W. 229. Where the relation of master and servant exists between the owner and operator, however relevant the relationship may be, it is not determinative of the scope of the consent except as the parties have adopted it as the measure thereof. The consent coverage at the time of the collision determines the owner's liability, and where the master consents to the operation of the automobile at the time of the accident he is liable for the servant's negligence.

Anderson v. Standard Oil Co. 204 Minn. 337, 283 N. W. 571; Flaugh v. Egan Chevrolet, Inc. 202 Minn. 615, 279 N. W. 582.

Proof, as here, of defendant's ownership and that the operator is an employe of the owner of the automobile driven on a public street or highway makes out a *prima facie* case that the owner consented to the operation of his car. A *prima facie* case is made under the act by proof that defendant owned the car. Piwowarski v. Cornwell, 273 N. Y. 226, 7 N. E. (2d) 111. Absent statute, proof that the defendant owned the vehicle and that it was driven by his employe on a public highway permitted the inference that the employe operated and used the same with the employer's authority and in his business or for his purposes. Lausche v. Denison-Harding Chevrolet Co. 185 Minn. 635, 243 N. W. 52, 56; Jeffers v. Borgen Chevrolet Co. 199 Minn. 348, 272 N. W. 172. In the Lausche case we said at p. 644: "The inferences to be drawn from the facts of ownership of the car and that it was used by defendant's servant or employe may of course be rebutted and overcome by other evidence. But, unless conclusively so rebutted, the questions would seem questions of fact for the jury."

The *prima facie* case is not overcome by the uncontradicted testimony of interested witnesses, "if the evidence is for any cause inconclusive in its nature,—as, for example, where different conclusions may be reasonably drawn from it, or where its credibility is doubtful." Jensen v. Fischer, 134 Minn. 366, 159 N. W. 827, 828; Lausche v. Denison-Harding Chevrolet Co. *supra;* American Cas. Co. v. Windham (5 Cir.) 107 F. (2d) 88; O'Dea v. Amodeo, 118 Conn. 58, 170 A. 486; Piwowarski v. Cornwell, 273 N. Y. 226, 7 N. E. (2d) 111, *supra;* Schultze v. McGuire, 241 N. Y. 460, 150 N. E. 516; Davis v. Underdahl, 140 Or. 242, 13 P. (2d) 362; Griffin v. Smith, 132 Wash. 624, 232 P. 929.

We regard defendant's evidence as inconclusive. The fact that Jensen was bound in the direction of the post office, where he usually had business to attend to on Sundays, may be taken as some evidence that he was on such an errand notwithstanding his

claim that he was then en route with Reese to play ping-pong at Argue's home. Prickett v. Whapples, 10 Cal. App. (2d) 701, 52 P. (2d) 972. "Doubt of its verity might reasonably be based on some of its contents," Lehman, J., said of the testimony of the owner of a car and his chauffeur in Schultze v. McGuire, *supra*. Such inherent doubt is generated here by the testimony of defendant's witnesses. For example, Jensen testified that, while he had no right to use the car for personal purposes or to transport passengers, the trips which he made in the car to play ping-pong accompanied by friends were within his authority because on such trips he deposited mail at the post office for defendant. In other words, the inference was permissible that Jensen was authorized to commingle personal pleasure with defendant's business notwithstanding claimed instructions that he was to use the car exclusively for defendant's business. On this particular occasion, if he were in fact bound for the post office, he was at the time of the accident within such admitted authorized use of the car.

The open and public use of the car by Jensen for personal purposes without any objection by defendant, so far as the record shows, is inconsistent with a wrongful and unauthorized use of the car. Such use permits an inference that defendant consented thereto. Jensen v. Fischer, *supra;* Shotts v. Standard Oil Co. 181 Minn. 386, 232 N. W. 712.

Furthermore, if the personal use by Jensen on at least 20 occasions shown by the record was without defendant's consent, Jensen committed a felony under 3 Mason Minn. St. 1940 Supp. § 2717-1, each time he so used the car. The fact that the use claimed to be without authority would render the operator guilty of a crime permits the inference that the use was with the owner's consent. Prickett v. Whapples, 10 Cal. App. (2d) 701, 52 P. (2d) 972 (misdemeanor); Hatter v. Dodge Bros. 202 Mich. 97, 167 N. W. 935 (felony); 5 Am. Jur., Automobiles, § 401, note 1. Especially should the inference be permitted where the operator is retained in defendant's employment, as here, and actively assists in the defense

of the case. Of course the inference is not compelled—it is permitted.

Defendant's case lacks candor and shows a disposition to disclose only such evidence as would be helpful in maintaining its defense. The testimony supports the view that there was some permissible use of the car by Jensen in excess of the fixed weekly maximums. Defendant's witness Harcourt testified that such an excess was not objectionable if it came within a very few miles of the permissible maximums. Further, the evidence supports the view that there was much use of the car in excess of the actual mileage for business use, and that either the weekly maximums included such excess or the mileage reported showed use in excess of such maximums. In either event, defendant's consent to a certain amount of use of the car for Jensen's personal purposes was a permissible inference. According to defendant's version, its records and the checks made by the general man should have shown that the record and actual mileage corresponded. Presumably its available proofs would have shown the facts. Saying that an excess was not objectionable if it came within a very few miles of a permissible maximum is not very enlightening. Defendant introduced only those records showing that Jensen's authority to use the car was confined to company business. It did not produce the records relating to the use, its checks on such use, nor the general man who made the checks to see that actual and record use coincided. Nor did it produce Mr. Argue as a witness to show that Jensen had an appointment to play ping-pong at his house. All those failures to produce proof were unexplained. The unexplained failure to produce witnesses and records which presumably would be favorable to the party justifies an inference that the testimony of such witnesses and the records would, if produced, have been adverse to such party. Rice v. New York L. Ins. Co. 207 Minn. 268, 290 N. W. 798; M & M Securities Co. v. Dirnberger, 190 Minn. 57, 250 N. W. 801.

Jensen showed a disposition not to disclose all the facts. For example, when questioned about giving people rides to the golf course he stated, that "I happened to take just an acquaintance or two out there, to give them a lift out there." When he was asked who those persons were, he said that Mrs. Jensen was one and the others were some lady friends of hers. His explanation of the number of times he used the car on trips to the tennis court were equally unsatisfactory. First he said he so used the car a "few" times, then probably a half dozen, and finally that he would not swear that it was or was not 25 times. He said he did not know whether it was 6 or 25 times. On the whole, he evinced a disposition to disclose only what could be proved and to withhold evidence which would be damaging to defendant.

Defendant's evidence contained so much that permitted inferences in support of plaintiffs' *prima facie* case and so much of rebuttal that was inconclusive that the question of consent was a fact question. The evidence sustains the jury's finding of consent.

■ The testimony relative to the correspondence between Jensen and defendant was relevant to show defendant's reaction upon discovery of the facts of Jensen's personal use of the car in the light of its claims that such use was prohibited. Such evidence was relevant on the question whether Jensen was operating the car with defendant's consent at the time of the collision. O'Dea v. Amodeo, 118 Conn. 58, 170 A. 486, *supra;* Walsh v. Feinstein, 251 Mass. 109, 146 N. E. 355.

■ There was no reversible error in asking the witness Reese, after it appeared that his testimony was different from his written statement, whether or not he had talked the matter over with somebody representing the insurance company. The objection to the question was sustained and the matter dropped by plaintiffs. Defendant showed that the witness talked with its attorney.

Other questions have been raised but are not discussed in view of the concession of Jensen's negligence, which renders them immaterial, or because we do not deem them of sufficient importance

to require discussion. We have considered them and find them without merit.

Affirmed.

MR. CHIEF JUSTICE GALLAGHER and MR. JUSTICE STONE took no part in the consideration or decision of this case.