HELEN F. TRUMAN v. UNITED PRODUCTS CORPORATION AND ANOTHER.[1]

April 6, 1944.

No. 33,693.

[1]Reported in 14 N. W. (2d) 120.

*Freeman, King & Geer,* for appellant.

*C. E. Warner,* for respondent.

YOUNGDAHL, JUSTICE.

After a directed verdict for defendant, plaintiff appealed from an order denying her motion for a new trial.

At approximately 11:45 p. m. on November 13, 1942, an automobile driven by plaintiff's husband was proceeding in a westerly direction on Lake street in the city of Minneapolis at an approximate speed of 25 miles per hour. A truck owned by defendant United Products Corporation and driven by its employe, Lowell Cook, was traveling north on Twelfth avenue south approaching Lake street. Cook failed to stop at the arterial sign at Lake street and in attempting to cross the intersection at a speed of 35 miles per hour collided with plaintiff's car within the intersection. This action was brought by plaintiff, a passenger in her husband's car, to recover damages for personal injuries sustained by her as a result of said collision. Although named in the complaint as a

defendant, Cook was not served with summons and is not a party hereto.

Plaintiff seeks to impose liability on defendant as the owner of the vehicle, under Minn. St. 1941, § 170.04 (Mason St. 1940 Supp. § 2720-104). The fact of defendant's ownership of the vehicle and that Cook at the time of the collision was in defendant's employ was admitted by stipulation, but defendant claimed that the car was being driven by Cook at the time of the collision without its express or implied permission or consent. Albert J. Phillips, in behalf of defendant, testified that the vehicle driven by Cook was a G. M. C. pick-up truck and that it was used in connection with defendant's business of selling and installing various types of insulating and building materials; that Cook was permitted to drive the truck home from his work and to return in it the following morning to the particular job on which he was working, or to defendant's place of business, but that the use of the truck was limited to these purposes. The testimony of Phillips is the only evidence in the record relating to the use of the car by Cook. Both Cook and Thompson, his helper on the job, were in Alaska at the time of the trial. At the close of the testimony the court granted defendant's motion for a directed verdict on the ground that consent had not been proved. Plaintiff contends that this was error. The only issue on this appeal is whether Cook at the time and place of the accident was driving the truck with defendant's express or implied consent under § 170.04.

■ An owner who expressly or impliedly consents to the operation of a vehicle by another upon any public street or highway is liable under the safety responsibility act, § 170.04, for the operator's negligence. This section provides:

"When any motor vehicle shall be operated upon any public street or highway of this state by any person other than the owner with the consent of the owner, express or implied, the operator thereof shall, in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

Upon establishing ownership in defendant and that the operator was its employe, plaintiff made out a prima facie case. Those conceded facts in the instant case raised an inference that the truck was being driven by Cook at the time and place of the accident with the permission and consent of defendant. Ballman v. Brinker, 211 Minn. 322, 1 N. W. (2d) 365; Schultz v. Swift & Co. 210 Minn. 533, 299 N. W. 7; Holmes v. Lilygren Motor Co. Inc. 201 Minn. 44, 275 N. W. 416; Ewer v. Coppe, 199 Minn. 78, 271 N. W. 101. This inference of permission is rebuttable. Lausche v. Denison-Harding Chevrolet Co. 185 Minn. 635, 243 N. W. 52; and Ballman v. Brinker; Schultz v. Swift & Co.; and Ewer v. Coppe, *supra.*

■ Such an inference of permission, however, does not relieve plaintiff of the burden of proving that the operator of the vehicle had express or implied permission to use the truck at the time and place of the collision. Ballman v. Brinker; Ewer v. Coppe; and Schultz v. Swift & Co. *supra.*

■ In our opinion, under the facts here, the inference raised by Cook's possession of the car was conclusively rebutted. Phillips testified that Cook's permission to use the truck was limited to the purposes of defendant's business; that it was the practice of defendant to issue a work order to Cook, who with one Thompson, a helper, carried the necessary building and insulating materials from defendant's warehouse to a specified address and made the installations; that Cook resided in Anoka, several miles from defendant's business, and, to facilitate his going to and from work, he had been permitted to drive the truck, "only when it was necessary pertaining to the work he was doing," to his home after work and to return in it the following day; that Cook's working hours were from 8:00 a. m. to 4:30 p. m., although in exceptional cases he might work as late as 6:30 p. m. On the day of the accident, according to Phillips' testimony, Cook came into the office at 3:30 p. m., his day's work finished, and received his salary check. He was told by Phillips "to take the truck home with him" and that he (Phillips) "didn't want any loitering on the way." To the question, "To your knowledge did Cook, or not, ever use this truck for anything other

than company business or going to and from his work?" Phillips answered "No." This testimony was uncontradicted.

Plaintiff urges that the testimony warrants the inference that Cook had permission to drive Thompson home and that the trier of fact could well conclude that at the time of the accident he was on his way to his home in Anoka from Thompson's home. The facts do not justify this conclusion. The record does not show that Thompson left with Cook after work on the day of the accident. Assuming, however, that such was the case, the fact that the accident occurred at Lake street and Twelfth avenue south is not consistent with the contention that Cook had taken Thompson home. Thompson lived at 3347 Fourth avenue south. At the time of the accident, Cook was eight blocks east from Fourth avenue and in the opposite direction from where he should have been had he taken Thompson home and had he been pursuing a reasonably direct route to Anoka, where he lived.

But more significant is the time when the collision occurred, *viz.*, shortly before midnight. The operation of a service truck at that hour was not in any sense related to defendant's business, nor does it have any reasonable relation to the transportation of employe Thompson to his home. Obviously, if Cook had confined the use of the truck to taking Thompson home after work, he would not have been crossing Twelfth avenue south and Lake street at 11:45 p. m. He would have reached his home in Anoka several hours earlier, as the record shows he completed his work at 3:30 p. m. that day, and never at any time worked later than 6:30 p. m. The use of the service truck at this hour and under the circumstances indicates that it was used for purely personal purposes. We feel, therefore, that the permissive use of the truck for business purposes only, and even for the assumed purpose of taking Thompson home, was conclusively exceeded under the undisputed facts in this case.

■ An owner's consent to use a vehicle may be of a limited and restricted nature, and if the bounds of such consent have been exceeded at the time and place of the accident the owner is relieved of liability. Consent to the use must exist at the time and place

the accident occurs. Patterson-Stocking, Inc. v. Dunn Bros. Storage Warehouses, Inc. 201 Minn. 308, 276 N. W. 737; Abbey v. Northern States Power Co. 199 Minn. 41, 271 N. W. 122; Ranthum v. Sterling Motor Co. 202 Minn. 209, 277 N. W. 547; Schultz v. Swift & Co. *supra.* In the Schultz case the court said (210 Minn. 536, 299 N. W. 9):

"* * * Where the relation of master and servant exists between the owner and operator, however relevant the relationship may be, it is not determinative of the scope of the consent except as the parties have adopted it as the measure thereof. The consent coverage at the time of the collision determines the owner's liability, and where the master consents to the operation of the automobile at the time of the accident he is liable for the servant's negligence."

See also Anderson v. Standard Oil Co. 204 Minn. 337, 283 N. W. 571; Flaugh v. Egan Chevrolet, Inc. 202 Minn. 615, 279 N. W. 582. From its very nature, there can be no hard and fast formula or rule by which the fact of consent can be determined in a given instance. It must be determined like any other fact. Schultz v. Swift & Co. *supra;* Koski v. Muccilli, 201 Minn. 549, 277 N. W. 229. The evidence in this case that Cook's permission to use the truck was of a limited and restricted nature is undisputed. There is nothing in the record to indicate that he at any time had ever used the truck for other than business purposes or had been given permission to do so. The use of the service truck at the time of the collision was clearly outside the scope of defendant's consent to its use. In this respect, the case at bar is readily distinguishable on the facts from such cases as Schultz v. Swift & Co. *supra;* Steinle v. Beckwith, 198 Minn. 424, 270 N. W. 139, relied upon by plaintiff.

■ Plaintiff insists that, although the testimony for defendant regarding the use of the truck was not refuted by other witnesses, from a consideration of all the evidence it was "inconclusive, improbable and contradictory." She relies upon the well-established rule that the trier of fact "need not accept the testimony of a witness as true merely because there is no direct testimony contradicting it, if it contains improbabilities and contradictions, which

alone, or in connection with other facts and circumstances in evidence, furnish a reasonable ground for concluding that it is false." 6 Dunnell, Dig. & Supp. § 10344a. It is urged here that it was improbable, in view of the permission that had been previously given Cook to use the truck, that on this particular occasion he should have been especially cautioned not to loiter along the way but told to go directly home. We cannot accept this construction of the testimony for defendant. It is our opinion that such testimony is entirely credible, uncontradicted, and unimpeached and therefore falls within the rule of O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430, and Downing v. Maag, 215 Minn. 506, 10 N. W. (2d) 778. The most that can be said for plaintiff is that Cook had implied permission to take Thompson home, and, for the reasons hereinbefore expressed, that permission had been exceeded when the accident occurred.

Viewing the entire record, the conclusion is inescapable that at the time of the accident Cook was driving defendant's truck without its express or implied permission or consent, and the court properly granted defendant's motion for a directed verdict.

Affirmed.