## LAURETTA EWER v. I. COPPE AND OTHERS. KENNETH RENAUX v. SAME.[1]

January 22, 1937.

No. 31,051.

*J. A. Streiff, James T. Spillane,* and *Lystad & Mantor,* for appellants.

*David A. McVeety* and *Desmond B. Hunt,* for respondents.

*Ernest E. Watson, amicus curiae,* filed a brief in behalf of the contention of appellants.

[1]Reported in 271 N. W. 101.

LORING, JUSTICE.

After verdicts in favor of plaintiffs in suits for personal injuries arising out of a collision between an automobile owned by the defendants Coppe and Shapiro and driven by defendant Dineen and one in which the plaintiffs were riding, the defendants Coppe and Shapiro come here on appeal from an order denying their alternative motion for judgment or a new trial.

The facts are not in dispute. Defendants Coppe and Shapiro are dealers in Studebaker automobiles in Rochester and do business under the name of the Rochester Auto Market. Dineen was a salesman employed by them. On October 27, 1935, for the purpose of demonstrating a car to a prospect at Eyota, a town 13 miles from Rochester, Dineen took one of defendants' demonstration cars and left the Auto Market about noon. Later he ascertained that his prospect was not at Eyota and so did not drive there. Instead he drove to his hotel at about two p. m., changed clothes, and made an appointment over the telephone to meet a young lady friend at five p. m. He then drove the car to another hotel, talked there with a friend until nearly five p. m., and then drove the automobile to his meeting with the young lady. With her he drove to a friend's home and there attended a dinner party. At about ten p. m. he and the young lady left the dinner party and were driving the car to another part of the city to visit other friends when the collision occurred. The circumstances were such that there was ample evidence to support a jury's verdict that Dineen was negligent in operating the car.

There are several assignments of error. In view of our disposition of the case, we will consider only that which deals with the application of 3 Mason Minn. St. 1936 Supp. § 2720-104.

The Rochester Auto Market allowed the salesmen to use the demonstration automobiles for business purposes only unless special permission was granted. Dineen on one previous occasion had obtained permission to use one of the defendants' cars for personal purposes, but no such permission had been asked for or granted on the day of the accident. Early in the evening of the day of the

accident Coppe attempted to ascertain why Dineen had not returned the car and telephoned Dineen's hotel and a filling station for that purpose but did not locate him.

The inquiry resolves itself around the question of whether or not there was a "consent of the owner express or implied" to Dineen's use of the demonstration car. The rule is well settled in this state that there is an inference that a car owned by an employer and being driven by an employe is being operated with the authority and in the business of the employer. That inference is rebuttable. Lausche v. Denison-Harding Chevrolet Co. 185 Minn. 635, 243 N. W. 52; Wenell v. Shapiro, 194 Minn. 368, 260 N. W. 503. See also Messenbring v. Blackwood, 171 Minn. 105, 213 N. W. 541, and cases therein cited. In our opinion the inference or presumption raised by Dineen's possession of the car was conclusively rebutted. Without it there is no evidence in the case to justify a verdict against the owners. The evidence that without special permission he was allowed to use the car only for his employer's business was entirely credible, uncontradicted, and unimpeached. It cannot be disregarded, although given by interested witnesses. O'Leary v. Wangensteen, 175 Minn. 368, 370, 221 N. W. 430, and cases therein cited. Dineen had been using the car over eight hours for his personal pleasure. At the time of the accident he was proceeding upon another personal errand. From two p. m. until the time of the accident at 10:05 p. m. he was violating the express rules of his employers. The fact that Dineen had had specific express permission to use a car for personal purposes on a previous occasion indicates that permission for personal use of the cars by him was the exception rather than the rule. We think that the plaintiffs have failed to sustain the burden of proving an express or implied consent by the owners to Dineen's use of the car.

Although the facts in Abbey v. Northern States Power Co. 199 Minn. 41, 271 N. W. 122, are different from those in the instant case, we think the rule there laid down is controlling. If anything, the facts here are more persuasive against an implied consent.

Much is made of the fact that defendants, subsequent to the accident, did not prosecute or discharge Dineen. The court in enumer-

ating all the elements in the evidence that might justify the jury in finding implied consent included these two matters, with Dineen's previous use of a car, as the basis upon which the jury might rely. Indulgence toward an employe after fault cannot be construed as evidence of previous implied consent. Neither is his previous use of a car with express consent.

Reversed.

MR. JUSTICE STONE took no part in the consideration or decision of this case.

MR. JUSTICE PETERSON, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.