FRED P. KRAHMER v. EDWARD S. VOSS AND OTHERS.[1]

November 19, 1937.

No. 31,270.

[1]Reported in 276 N. W. 218.

J. W. *Morse* and *Leo J. Seifert,* for appellant.

F. B. *Kalash,* for respondents Hugo E. Koch, Edward S. Voss, and Voss & Koch, copartners.

HILTON, JUSTICE.

This action was brought by the representative of Louise Howell to recover for her death July 26, 1936, as the result of an automobile accident occurring on that date. Defendants Edward S. Voss and Hugo E. Koch are partners, engaged in a garage business at Lakefield, Minnesota. Defendant Raymond Richter was the driver of the car in which Miss Howell was riding at the time of the accident, and defendant John Zeller was the owner of one of the other automobiles involved therein. The car driven by Richter at the time of the accident belonged to Voss and Koch. It is the claim of plaintiff that Richter was operating the car with their consent, and that they are therefore liable for his negligence by virtue of 3 Mason Minn. St. 1936 Supp. § 2720-104, which is § 4 of the safety responsibility act of 1933. At the close of plaintiff's case in the trial below, he dismissed the action against John Zeller, the evidence showing that the latter was in no way to blame for the accident. The trial judge was also of the opinion that the evidence was not sufficient to sustain a finding of the jury that Richter was

driving the car with the consent of either Voss or Koch, and on their motion dismissed the action as to them. A verdict was directed against defendant Richter. Plaintiff appeals from an order denying his motion for a new trial as against Voss and Koch. We will hereinafter refer to them as the defendants.

Defendants kept the car in question in a place behind their garage. Richter testified on cross-examination under the statute that on Sunday, July 26, 1936, the day the accident occurred, he went to the garage and asked for permission to use the car on that day to take his parents out in the country to visit some relatives. He stated that Mr. Koch told him he could take the car "out there" but that he should bring it back before dark, because they did not want the car on the road Sunday evening. It appears that he did make the trip into the country with his parents and arrived back in Lakefield sometime during the afternoon. Instead of returning the car to the place where it was kept, Richter drove around Lakefield, picked up a friend, Richard Crisman, and they drove to Jackson, Minnesota, a distance of some 13 miles. The purpose of this trip was to make arrangements to take three young ladies from that city to a dance at Lakefield Sunday night. Deceased was one of these girls, and another friend of the two boys, Wallace Rouse, was to be the third boy. After making these arrangements, Richter and Crisman returned to Lakefield, arriving around six o'clock, and they then separated. Both boys testified that it was their intention to use Crisman's car in the evening. Richter testified that he returned the car to its customary place behind the garage, leaving the key in the car. After eating, Richter went downtown and met Crisman. It appears that it was necessary for them to wait some time for Rouse, and it was then that Richter decided to take defendants' car himself and go to Jackson, get the girls, and return to Lakefield, at which time he was to be joined by the other two boys. He went back to the garage, took the car again, and started for Jackson. It was on the return trip, after he had picked up the young ladies, that the accident occurred. Richter testified that in using the car on this trip he did not have the consent of either of the defendants. The garage was closed on Sunday, and neither defend-

ant had any knowledge or notice that Richter had either returned the car or taken it again.

We are of the opinion that the learned trial judge acted correctly in dismissing the case against the defendants. Richter's testimony that he had permission to use the car to take his parents on a brief visit, but was to have the car back before dark, is entirely credible, uncontradicted, and unimpeached, and cannot be disregarded, even though given by an interested witness. O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430; Ewer v. Coppe, 199 Minn. 78, 271 N. W. 101. Crisman's testimony substantiates Richter's statements that he (Richter) once returned defendants' car to the place where it was kept and then returned later and got it again. The evidence clearly shows that this taking of the car was without the knowledge or consent of the defendants and was entirely unauthorized. The fact that he once returned the car would tend to indicate that he did not have permission to use it in the evening.

There is evidence that defendants gave Richter permission to use the car the Friday evening prior to the day the accident occurred for the purpose of taking some of these same young people to a show, and that he kept the car that night until after one o'clock. But his previous use of the car on one occasion with express consent cannot be construed as evidence of implied consent to use it for the same or other purposes at a subsequent time. Ewer v. Coppe, 199 Minn. 78, 271 N. W. 101.

Plaintiff insists that on the evidence it is doubtful whether the accident happened after dark or not. Be this as it may, it cannot be implied from the fact that Richter had defendants' consent to use the car during the day for the specific purpose of taking his parents on a visit that he thereby had consent to use the car for the entirely unrelated purpose to which it was put on the evening in question. The authority to use it for the one purpose was not authority to use it for the other. See Abbey v. Northern States Power Co. 199 Minn. 41, 271 N. W. 122. So even if it were conceded that at the time the accident occurred it was not so dark that the car was being driven at a forbidden time, or outside the

time limits prescribed by the defendants, it was being used for a purpose to which they had in no way consented.

Both the judge below and the attorneys have asked us to express our views as to whether § 2720-104 has changed the rule of White v. Brainerd Service Motor Co. 181 Minn. 366, 232 N. W. 626, holding that an employe driving a car with the consent of his employer and within the scope of his employment did not have authority, actual, implied, or apparent, to invite a third person to ride with him as his guest. Having reached the conclusion we do, that question is not involved in this case. As much as we would like to oblige court and counsel, we prefer to wait until we are faced with a case presenting the question.

Affirmed.

