## LILLIAN WINANS v. ERNA SINANOVSKI.[1]

January 23, 1942.

No. 33,056.

*Nelson & Plunkett,* for appellant.

*James T. Spillane,* for respondent.

LORING, JUSTICE.

Action to recover damages for personal injuries sustained by plaintiff in an automobile accident alleged to have been caused by defendant's negligence. The jury returned a verdict for plaintiff for $3,104. Defendant moved for a new trial, which was denied upon condition that plaintiff accept a reduction of the verdict to $2,000. Plaintiff accepted, and defendant appeals.

The accident occurred August 8, 1940, at approximately one a. m., as defendant, accompanied by plaintiff and Rose Stursa, who were riding as passenger-guests, drove her car east on U. S. highway No. 14 about a mile west of Kasson, Minnesota. The highway divided at that point, one branch going through Kasson and the

[1]Reported in 2 N. W. (2d) 127.

other swinging to the right around the village. The highway was paved, but the area between the two branches was graveled for some distance from the point where the two pavements separated.

Defendant started to take the Kasson fork but decided to turn right, did so sharply, and stepped hard on the brake. She admitted that she was "too close" and a "little bit late" when she turned. She was not familiar with the highway and claimed that both plaintiff and Rose shouted at her to turn right after she had taken the Kasson fork. Rose also testified that both she and plaintiff told defendant to turn, but plaintiff denied that she said anything.

Defendant's car was a four-passenger 1940 Chevrolet coupé. The three women were riding in the front seat, plaintiff in the middle. Defendant had owned the car three weeks and had driven it only 525 miles. The tires were new and had been examined the day before. It was agreed that the car was traveling about 35 miles per hour when defendant attempted to make the turn.

The testimony is vague as to what actually happened after defendant turned and applied the brake. All three witnesses testified that they heard a "noise" (which defendant claims was the left-front tire blowing out), and that they thought the car had turned over. The car ended up on its wheels on the right-hand side of, and facing, the highway. Plaintiff was injured.

Only two questions are raised on appeal: Was the jury justified in finding from the evidence (1) that defendant's negligence caused the accident, and (2) that plaintiff was not guilty of contributory negligence? Neither the court's charge nor the size of the verdict as reduced is challenged.

■ Defendant does not discuss the sufficiency of the evidence to support a finding that her acts were negligent. Rather, she confines her argument to the problem of causation. Before considering that problem we wish to point out that the testimony that defendant, traveling 35 miles per hour, turned sharply and stepped hard on her brake, made the question of negligence one for the jury under the circumstances of this case.

However, defendant claims that, even though she acted negligently, it was the blowout and not her acts that caused the accident. She states in her brief:

"It is clear from the evidence that it was not the turning of the car to the right which caused it to roll over. Had this been the case, it would have rolled over to the left and not to the right, as it did. (f. 33, p. 9.) It was the left-front tire that was blown out, and it was the force of the explosion of this balloon tire which threw the car over to the right."

What actually happened in this accident is highly speculative, as the only witnesses were in the automobile, and their versions are at best vague. For example, defendant testified that the car "rolled over to the right," but later, when asked whether the car turned over at all, she said: "Well, it happened so fast all I know is that it landed; it must have turned over because the whole top was smashed in." No doubt the car rolled over, but the evidence does not compel the inference that it rolled over on its right side. Defendant may have meant that the car rolled to the right side of the highway, which it did. It could have reached its final position, i. e., south of the right-hand fork, on its wheels, facing the highway, by rolling over on its left side, and the jury was entitled so to find from the evidence. It cannot be conclusively assumed that the car rolled over on its right side or that the jury so found.

The tire was not introduced in evidence, nor was there any testimony, expert or otherwise, showing whether the tube, casing, or both blew out, or whether a blowout, occurring as it did in this case, could cause an automobile to roll to its left, or to its right, or end-over-end.

The evidence was also vague as to exactly when the blowout occurred. All agreed that it did not happen before defendant turned, but no one could be sure that it happened before defendant lost control of the car. Plaintiff testified that she heard a "noise" before the car turned over, but that she was not sure just what happened. Defendant testified that she turned the car, ap-

plied the brake, and heard a "blow." When asked if the "blow" was the tire, she answered, "It must have been the tire because that was blown out when it landed." Rose's testimony added nothing. This evidence does not compel a finding that the blow-out occurred before defendant lost control of the automobile. In any event, whether the car rolled to its left or to its right or whether the tire blew before or after defendant lost control, the evidence was sufficient to support a finding that defendant's negligent acts were the proximate cause of the accident. *Cf.* Caulfield v. McGivern, 196 Minn. 339, 265 N. W. 24.

The case at bar must be distinguished from such cases as Banta v. Moresi, 9 La. App. 636, 119 So. 900, relied upon by defendant, where the court found that the real and only cause of the accident was the deflating of a tire, which in turn was not caused by defendant's negligence.

Defendant's only ground for claiming that plaintiff was guilty of contributory negligence is her assertion that plaintiff shouted at her, causing her to act as she did. Plaintiff flatly denied saying anything. As the evidence was conflicting, the question of plaintiff's contributory negligence was properly left to the jury.

Affirmed.