# EARL C. KAYSER v. JOHN P. JUNGBAUER AND OTHERS. LEONARD KOWALSKA AND HOWARD J. JOHNSON, APPELLANTS.[1]

April 6, 1944.

Nos. 33,676, 33,677.

[1]Reported in 14 N. W. (2d) 337.

*Eugene F. Matthews* and *Kennedy & Kennedy,* for plaintiff-appellant.

*Stearns & Stearns, Michael N. Lyons, Jr.,* and *S. S. Larson,* for appellants Leonard Kowalska and Howard J. Johnson.

*Sexton, Mordaunt, Kennedy & Carroll,* for respondent Socony Vacuum Oil Company, Inc.

*G. P. Mahoney* and *John S. Morrison,* for respondent John P. Jungbauer.

LORING, CHIEF JUSTICE.

There are two appeals in this .case, one by the plaintiff and one by defendants Kowalska and Johnson. Plaintiff was severely injured while at a filling station operated by the defendants Kowalska and Johnson, who leased their station from the defendant Socony Vacuum Oil Company, whose products they sold. The defendant John P. Jungbauer owned the car which injured plaintiff. He had sent his son Howard to the Kowalska-Johnson station to have it serviced. On his way to the station, Howard picked up two friends, Kenneth Seymour and Charles Bednorz. The ages of these boys do not appear in the record, but counsel for plaintiff on oral argument stated that they were 17 or 18 years of age. Seymour was a

sailor stationed in Idaho at the time his deposition was taken. Howard left the car at the filling station to be greased and filled with gas while he and his two friends went elsewhere. When they came back to get the car, Howard stepped into the office with Kowalska to sign the charge slip covering the service and gas. While he was in the office, another car approached the station, and Seymour, surmising that the Jungbauer car was in the way of the approaching car, spoke to Bednorz and asked if he should move the car. Bednorz replied, "Sure, go ahead." Seymour then got into the right-hand door of the car, moved across to the left-hand side, and stepped on the starter. The car was in reverse, and it started to back up. Plaintiff, who was standing back of the Jungbauer car as his own car was being serviced, was caught between the rear end of the Jungbauer car and a post and his leg crushed so severely that amputation was necessary.

At the close of the testimony all defendants moved for directed verdicts. The court granted the motions of the defendant Jungbauer and the Socony Vacuum Oil Company, but denied that of the defendants Kowalska and Johnson. The jury returned a verdict for plaintiff for $35,000.

Plaintiff now contends that Jungbauer was liable under the safety responsibility act. Minn. St. 1941, § 170.04 (Mason St. 1940 Supp. § 2720-104). He also contends that Kowalska and Johnson were operating the station as agents of the Socony company and not as lessees.

Kowalska and Johnson contend that the act of Seymour was an unforeseeable intervening act, which alone was the proximate cause of plaintiff's injury; that, as a matter of law, under the circumstances here shown, it was not negligence on Kowalska's part to leave the car standing with the motor shut off and in gear.

■ Jungbauer's alleged liability is predicated in part upon said § 170.04 (§ 2720-104), which provides:

"When any motor vehicle shall be operated upon any public street or highway of this state by any person other than the owner with the consent of the owner, express or implied, the operator

thereof shall, in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

To bring the statute into operation, there are two prerequisites: the motor vehicle (1) must be in operation upon a public street or highway, (2) with the consent of the owner. At the time § 170.04 (§ 2720-104) was enacted, Mason St. 1927, § 2720-1(n), was in force. It defined a "highway" as "Every way or place of whatever nature open to the use of the public, as a matter of right, for purposes of vehicular travel." By Minn. St. 1941, § 169.01, subd. 29 (Mason St. 1940 Supp. § 2720-151[28]), the highway traffic regulation act, "street or highway" is defined as follows:

"The entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right, for purposes of vehicular traffic."

There is nothing in this record to show that the filling station driveway was open to use by the public "as a matter of right, for purposes of vehicular traffic." In the absence of such a showing, we must assume that the driveway was not open to the use of the public, but was limited to the use of customers of the station. Thus, it does not come within the statutory definition of a public "street or highway" (Merritt v. Stuve, 215 Minn. 44, 9 N. W. [2d] 329), and § 170.04 (§ 2720-104) does not apply. See Wicklund v. North Star Timber Co. 205 Minn. 595, 599, 287 N. W. 7.

■ Nor is there any evidence to support the contention that Seymour drove the car with the implied consent of Jungbauer, the owner, so as to fix liability upon the latter for the negligence of the former. Howard Jungbauer had driven the car to the Kowalska-Johnson station and turned it over to them for servicing. Howard was in the station settling his account when Seymour volunteered to move the car. Howard did not give Seymour express permission to move the car. It is true that on three other occasions such express permission was given by Howard, and Seymour did drive the car when Howard was along. But previous use of a car with express consent cannot be construed as evidence of implied consent

at a subsequent time. Krahmer v. Voss, 201 Minn. 272, 276 N. W. 218. The trial court was right in directing a verdict for Jungbauer.

■ The next question is whether it was negligence to leave the car parked in reverse gear. If not, the verdict against Kowalska and Johnson cannot be sustained.

We have not found or been referred to any case directly in point on the facts. The most helpful is Kennedy v. Hedberg, 159 Minn. 76, 198 N. W. 302. In that case, defendant Hedberg parked his car on a Minneapolis street with the motor running. Defendant Day was a passenger and remained in the car. Without Hedberg's authority and in his absence, Day attempted to move the car and thereby caused the accident. This court affirmed a judgment for Hedberg notwithstanding a verdict for plaintiff. We said (159 Minn. 78, 79, 198 N. W. 303):

"* * * Hedberg could not anticipate that in his momentary absence Day would act as he did. Under the construction we place upon the statute, Day had no authority to set the car in motion. His authority was limited to seeing that the car remained stationary. * * * So long as the car is stationary, no one is endangered by the running of the motor."

We concluded that Hedberg was not negligent. That is the construction put on the case in Edblad v. Brower, 178 Minn. 465, 227 N. W. 493.

There is a similar holding in Mann v. Parshall, 229 App. Div. 366, 241 N. Y. S. 673, where defendant parked his car on a level street, turned off the motor, but did not set the brakes. While it was unattended, some unknown person started the motor and ran the car over the curb, causing serious injuries to plaintiff. The court decided that under these facts there was no negligence on defendant's part, saying (229 App. Div. 367, 241 N. Y. S. 674):

"* * * The record contains nothing to indicate that defendant ought to have been warned of the presence, or probable presence, of mischievous children or of any persons likely to start his car

without authority. There was nothing manifest to defendant which pointed to what occurred as a reasonably foreseeable result of the attendant circumstances."

In Ruoff v. Long & Co. [1916] 1 K. B. 148, 85 L. J. K. B. 364, 114 L. T. (N. S.) 186, 80 J. P. 158, 32 T. L. R. 82, 60 Sol. J. 323, defendant's employes left a steam motor lorry standing in the street while they delivered some beer. While the vehicle was unattended, two soldiers entered it and succeded in starting it, thereby injuring plaintiff's property. It was held that defendant was not bound to anticipate that soldiers or other persons would set the vehicle in motion and that the evidence showed no negligence on the* part of defendant. To the same effect is Lazarowitz v. Levy, 194 App. Div. 400, 185 N. Y. S. 359.

Under the circumstances in the case at bar, we think that, as a matter of law, leaving the car parked in the filling station driveway with the motor off and in reverse gear was not a negligent act. The car was perfectly safe as long as no one meddled with it. As said in Berman v. Schultz, 84 N. Y. S. 292:

"* * * It was not the duty of the defendant to chain the machine to a post, or in some way fasten it so that it was impossible for it to be started by the act of a third party. The law did not impose upon the defendant a degree of care that made the starting of the machine impossible."

Kowalska could not reasonably anticipate that someone would attempt to start the car without ascertaining that the gears were in neutral or disengaging the clutch. If a person had no reasonable ground to anticipate that his act would or might result in injury to anybody, then he was not negligent. Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640.

In the case at bar, there is an entire absence of circumstances which would tend to charge Kowalska with knowledge that the car might be started in the manner in which it was started or lead a man of ordinary prudence to anticipate such conduct. There are many cases where an automobile has been left standing unattended

and an accident has resulted from children meddling with the mechanism. Some of these are Rhad v. Duquesne Light Co. 255 Pa. 409, 100 A. 262, L. R. A. 1917D, 864; Vincent v. Crandall & Godley Co. 131 App. Div. 200, 115 N. Y. S. 600; Frashella v. Taylor, 157 N. Y. S. 881; Lee v. Van Buren & N. Y. Bill Posting Co. 190 App. Div. 742, 180 N. Y. S. 295; Tierney v. New York Dugan Bros. Inc. 288 N. Y. 16, 41 N. E. (2d) 161, 140 A. L. R. 534; Jackson v. Mills Baking Co. 221 Mich. 64, 190 N. W. 740, 26 A. L. R. 906. In this class of cases the question presented is whether the one who parks the car is chargeable with knowledge that children are likely to interfere with it. If so, his negligence may be a jury question. Most of the above decisions turn on the question of whether the interference by the children was the proximate cause of the accident.

On that question it appears to us that the negligent act of Seymour in actuating the starter, without taking the precautions that ordinary care would dictate, was a superseding, intervening cause, not stimulated by Kowalska's act in so parking the car, which broke the chain of causation between the act of leaving the car in gear and the injury to plaintiff. Restatement, Torts, § 442, et seq. See also Mr. Prosser's excellent article "The Minnesota Court on Proximate Cause" in 21 Minn. L. Rev. pp. 19, 37.

It becomes unnecessary to discuss the responsibility of the Socony company for the acts of Kowalska.

The order denying plaintiff's motions to set aside the directed verdicts in favor of defendants Jungbauer and the Socony Vacuum Oil Company is affirmed, and the order denying the motion of defendants Kowalska and Johnson for judgment notwithstanding is reversed with directions to enter judgment in accordance with this opinion.

So ordered.

Mr. Justice Streissguth took no part in the consideration or decision of this case.