Lillian M. JONES, Appellant,

v.

AVCO MANUFACTURING CORPORA-TION, Appellee.

AVCO MANUFACTURING CORPO-RATION, Appellant,

v.

Eldon T. JONES, Appellee.

Nos. 15117, 15118.

United States Court of Appeals, Eighth Circuit.

Jan. 21, 1955.

Rehearing Denied March 1, 1955.

See, also, D.C.Mo., 113 F.Supp. 923.

John L. Sheridan, Kansas City, Mo. (E. A. (Bert) Taylor, Donald E. Raymond and Pew, Taylor, Welch & Sheridan, Kansas City, Mo., on the brief), for Lillian M. Jones.

John Murphy, Kansas City, Mo., (C. Thomas Carr and Tucker, Murphy, Wilson & Siddens, Kansas City, Mo., on the brief), for Avco Manufacturing Corp.

Billy S. Sparks, Kansas City, Mo., (Clyde J. Linde, Robert B. Langworthy and Langworthy, Matz & Linde, Kansas City, Mo., on the brief), for Eldon T. Jones.

Before GARDNER, Chief Judge, and COLLET and VAN OOSTERHOUT, Circuit Judges.

COLLET, Circuit Judge.

Plaintiff obtained a jury verdict for $25,000 damages for personal injuries. Judgment notwithstanding the verdict was entered by the court for the defendant, from which plantiff appeals. There was a precautionary appeal by defendant.

Eldon T. Jones was a territorial service agent for Avco Manufacturing Corporation, the manufacturer of Bendix products. His territory encompassed

several states, including Missouri and Oklahoma. He and his wife, Lillian M. Jones, lived at Kansas City, Missouri. In 1950 he became affected with acute arthritis and was unable to travel alone by automobile. In order to enable him to continue his work, he sought and obtained the approval of his employers of the practice of his wife, Lillian, accompanying him on automobile trips on the company's business. The company did not pay for her services or her expenses. From Mrs. Jones' association with her husband's work in that manner, she became familiar with some of the problems he encountered. One of those problems was to reconcile or assist in reconciling differences between distributors of Avco products and retailers of those products. Occasionally a distributor employed a separate service agency on a contract basis to service the appliances it sold, and controversies arose between the service agency and retailers. These latter controversies arose from protests from retailers that the service agency was not performing its contractual duty of giving proper service to customers of the retailer, and the service agency complaining that the retailer was "overselling" the appliances, i. e., was representing to the customer that the appliance would do things it should not have been represented as capable of doing with the result that customers were calling for service which was not within the contemplation of the service contract. Mrs. Jones, being with her husband during the time he was affected with arthritis, would frequently be of assistance to him in working out these differences by "shopping" the retailers, i. e., acting as a prospective customer, learning what representations were being made and reporting to her husband. That information was useful and valuable to him when he called the retailer, the service agency, and the distributor together to work out their differences. In assisting her husband, Mrs. Jones,

of course, was of assistance to her husband's employer in whose service her husband was engaged. Avco knew of Mrs. Jones' activities in this regard and commended Jones for the practice.

 Mr. Jones' arthritic condition improved to such an extent that it was no longer necessary for someone to accompany him. Thereafter a controversy of the above-described nature developed at Oklahoma City, Oklahoma, involving the Oklahoma distributor of Avco's products, the Leo Maxwell Company, the latter's contract service agent, and retailers who purchased Avco's products from the distributor, Leo Maxwell Company. Mr. Rosenberry was service manager for the Leo Maxwell Company. On April 21, 1951, Mr. Rosenberry called Mr. Jones at Kansas City, Missouri, and asked the latter to come to Oklahoma City to assist in working it out. Learning of the assistance Mrs. Jones had been in other similar situations in the past, Mr. Rosenberry asked that Mr. Jones bring Mrs. Jones with him. Jones had intended to make a trip that week to Amarillo, Texas. Mrs. Jones was not to accompany him to Amarillo. He changed his itinerary and arranged to go to Oklahoma City instead and, pursuant to Mr. Rosenberry's request, took Mrs. Jones with him. En route to Oklahoma City, a short distance north of Colony, in the State of Kansas, while Mr. Jones was driving and Mrs. Jones was asleep, the Jones car collided with a car driven by Mr. John F. Kinney. Mrs. Jones was seriously injured. Under the law of Kansas, one spouse may not recover from the other in tort for personal injuries. Mrs. Jones sued Kinney, alleging negligence on his part. Later, by amendment, she brought in Avco as a defendant upon the theory that Jones was acting as its agent and that Avco was liable for its agent's negligent conduct resulting in injury to her. Under the Kansas guest statute,[1]

---

1. "That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or dam-

Mrs. Jones could not as a guest recover in the absence of gross or wanton negligence. She did not allege gross or wanton negligence. She contended she was a "paying passenger" within the meaning of the guest statute on the ground that Jones had authority to take her on the company's business and did so. If that was correct, she would not have been a guest under the Kansas statute and could recover for the negligence alleged and proved. Avco denied that Mr. Jones was authorized to take Mrs. Jones on this trip or that Mrs. Jones was making the trip for Avco. Kinney denied negligence. Avco brought Jones into the case as a third party defendant for the purpose of obtaining a judgment against him for any amount which Mrs. Jones might recover from Avco. Avco also contended that Mrs. Jones could not under the law recover from her husband's employer for injuries inflicted upon her by her husband's negligence. The jury concluded that Jones was negligently responsible for the accident. Under instructions not then or now assailed, it found for Mrs. Jones in the amount of $25,000 against Avco, and found in favor of Avco against Jones for the same amount. Absolving Kinney from responsibility, it found for him against Mrs. Jones. Judgment was entered for Kinney on the verdict. There was no appeal from that part of the judgment. Kinney is out of the case. The trial court sustained Avco's motion for judgment notwithstanding the verdict upon the theory that there was no evidence to support the verdict for Mrs. Jones against Avco. The court also set aside the verdict in favor of Avco against Jones. Avco's "precautionary" appeal, as we referred to it, was from the action of the court in setting aside its verdict against Jones in the event Mrs. Jones' verdict against it should be reinstated on appeal.

We have given a great deal of consideration to the question of whether Mrs. Jones was a compensating passenger or merely a guest under the Kansas guest statute. The Kansas Supreme Court has not determined that question under facts similar to these. Albrecht v. Safeway Stores, 159 Or. 331, 80 P.2d 62, 63, cited with approval by the Kansas Supreme Court, see Sparks v. Getz, 170 Kan. 287, 225 P.2d 106, and LeClair v. Hubert, 152 Kan. 706, 107 P.2d 703, gives substantial support to the position that to be a compensating guest under a guest statute like that of Kansas one need not show express authority in the agent of an employer to take the passenger on the mission, or that the passenger is in a formal sense an agent. or employee of the driver's employer. But we are not in agreement on the question of what legal status the Kansas courts would give Mrs. Jones on the facts before us. And we have concluded that the answer to another question is decisive of this appeal. Hence we do not undertake to pass upon the question of whether Mrs. Jones should be held to be a compensating passenger or a guest only, under the Kansas guest statute.

Regardless of whether Mrs. Jones was a guest or not, and entirely independent of that question, it is necessary to a recovery by Mrs. Jones against Avco, Mr. Jones' employer, that the record disclose a justifiable basis for making Avco responsible to Mrs. Jones for the injury she received as a result of Mr. Jones' negligence. To support such responsibility and liability on the part of Avco, the general rules of agency must be applied rather than the more limited rules applied in determining status as guest or compensating passenger under varying state guest statutes. There was no express or implied authority given Jones by Avco to transport anyone with him on this trip. Avco was without knowledge that Jones was to take anyone with him. It does not appear that it was necessary in the discharge of Jones' duties that he trans-

age, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle." Section 8–122b, General Statutes of Kansas 1949.

port someone from Kansas City to Oklahoma City for the purpose Mrs. Jones accompanied him. It would be a dangerous doctrine to say that an employer is liable for injury caused by the negligence of an employee to anyone whom the agent, for reasons of his own, chose to take with him as a passenger without the knowledge of the employer and without the latter's express or implied authority. We are convinced that such a legal doctrine would transgress the generally established rules of agency. Gosney v. Metropolitan Life Ins. Co., 8 Cir., 114 F.2d 649; United States v. Eleazer, 4 Cir., 177 F.2d 914; Liggett & Myers Tobacco Co. v. De Parcq, 8 Cir., 66 F.2d 678; Pesot v. Yanda, 344 Mo. 338, 126 S.W.2d 240; Klotsch v. P. F. Collier & Son Corp., 349 Mo. 40, 159 S.W.2d 589; Oganaso v. Mellow, 356 Mo. 228, 201 S.W.2d 365.

Since the judgment of the trial court was correct for the reasons stated, it is unnecessary to consider the defense of Avco that Mrs. Jones could not, under the law of Kansas, sue her husband's employer in tort.

The judgment is affirmed.