**Harry E. KERN, Plaintiff,**

v.

**The STANDARD OIL COMPANY, a corporation, and Robert W. Hughes, Defendants.**

**Civ. No. 4843.**

United States District Court
D. Minnesota, Fourth Division.
March 11, 1955.

Lawrence O. Larson, Minneapolis, Minn., for plaintiff.

Maugridge S. Robb (of Robb, Robb & Van Eps), Minneapolis, Minn., for defendant Standard Oil Co.

Charles S. Bellows (of Best, Flanagan, Rogers, Lewis & Simonet), Minneapolis, Minn., for defendant Robert Hughes.

# 106

DONOVAN, District Judge.

Plaintiff had a verdict in his favor, and this matter comes before the court on motion of defendant Standard Oil Company, hereinafter referred to as Standard, for judgment notwithstanding the verdict.

Defendant Hughes, by statement of his counsel in open court, does not oppose the motion of his co-defendant.

The action is one for damages on account of personal injuries sustained by plaintiff. A short statement of the facts may be helpful to an understanding of the issues raised by the motion.

It is undisputed that at the time and place in question the plaintiff was crossing Lyndale Avenue at a place other than a crosswalk and that Robert W. Hughes, operating an automobile owned by the Standard Oil Company, was proceeding north on Lyndale Avenue at an estimated speed of 30 to 35 miles per hour, and that said automobile struck plaintiff, the point of impact appearing to be between the front left headlight and the middle of the hood of the car, and that plaintiff sustained personal injuries by reason of the impact.

During the employment of defendant Hughes by the Standard Oil Company, no motor vehicle was assigned for his use. When a car was deemed needed for his use as a messenger, one then available was designated for the particular errand about to be undertaken by his superior, Mr. Kirk. He was instructed always to take the most direct route, going and coming.

On the afternoon of September 14, 1953, the defendant Hughes was directed to take a mailing machine from his employer's offices at 1300 Harmon Place to a United States branch Post Office at 15th and Hennepin, all in the City of Minneapolis. The defendant Hughes was instructed to have the machine serviced and return it to said offices immediately thereafter. He had no other task assigned to him by his employer at that time except to take with him one Mark W. Schiedinger, who was being trained to succeed Hughes, whose employment was shortly to expire.

Defendant Hughes took the machine to the Post Office, parked, and delivered the machine for servicing. He was told at the Post Office to wait a short time, that they were busy. He was also told the space where he had parked was needed for Post Office trucks. Leaving the machine, he moved the automobile in question from where he had parked it and continued on to his home at 22nd and Aldrich in the City of Minneapolis, for a purpose having no connection with his employment, after which he drove to Lyndale Avenue and continued driving thereon to the point of colliding with the plaintiff, who was crossing said avenue at a point between pedestrian crossings.

Plaintiff claims, first, that Hughes' operation of the car at the time and place was within the course and scope of his actual employment; and second, that Hughes had the owner's car at the time and place of the accident with the permission of the owner, within the meaning of the so-called Financial Responsibility Act.

Standard contends, first, that their employee, Hughes, at the time and place in question was not acting within the course and scope of his employment, having departed therefrom for a personal purpose wholly disconnected with his business; second, that while Hughes did have the automobile in question with the permission of the owner in the first instance, his use of the car at the time of the accident was beyond the scope of that permission from the standpoint of purpose, time and geographical position.

Plaintiff contends Standard must respond in damages by reason of the so-called Financial Responsibility Act.[1]

1. This is Section 170.54, Minnesota Statutes Annotated, and reads as follows:
"Whenever any motor vehicle * * * shall be operated upon any public street or highway of this state, by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident,

Was the defendant Hughes, at the time of the accident, acting within the course and scope of his employment, or was he using the automobile that struck plaintiff for a personal purpose?

■ Permission to use an automobile may, of course, be either express or implied. Even though express permission be limited, as here, where he was instructed to take the most direct route going and returning, nonetheless circumstances may justify an inference that the scope of the actual permission granted was broader than that which was expressed. This is usually a jury question.[2]

The instant case is one where the employee Hughes frankly admits that he disobeyed his employer's instruction, which in his own words, was as follows: "Just use the car on company business." He left the most direct route of the errand he was employed to perform for the personal purpose of visiting his home to ask his mother "if she thought it was all right to ask my uncle if I could use their car for that night" in connection with a social affair personal to Hughes. It is undisputed that the accident occurred while the employee was returning from this personal departure from his employment and obviously the employer's automobile then being operated by Hughes was not used in the scope of his employment.[3]

The testimony of the employee in the instant case makes manifest that as the servant of Standard prior to and at the time of the accident, he had totally departed from the master's business for a purpose exclusively his own. The admission of the employee makes clear that he was not then and there operating the automobile with the express or implied consent of the employer, Standard; hence the Financial Responsibility Act is of no help to plaintiff.[4]

It would be an unwarranted departure from well-settled law to say that Hughes was acting within the course and scope of his employment when he struck plaintiff while operating Standard's automobile in the instant case. Such a holding would transgress the generally established rules of agency.[5]

■■ The plaintiff's case is appealing, as demonstrated by the verdict returned for him by the jury. The duty of the court requires that the heart give way to reason and logic. It is doubtful that the verdict can withstand the scrutiny of the law requiring proof of real peril to which plaintiff seeking protection therefrom must be shown not to have contributed thereto by his own want of care. Standard preferred to rely on its agent's departure from the course and scope of his employment at the time of the accident. The preponderance of the evidence supports Standard's contention in this respect, and accordingly the court must grant the motion herein made for judgment notwithstanding the verdict.

It is so ordered.

Plaintiff is allowed an exception.

be deemed the agent of the owner of such motor vehicle in the operation thereof."

2. Stoll v. Hawkeye Casualty Co., 8 Cir., 193 F.2d 255.

3. Messenbring v. Blackwood, 171 Minn. 105, 213 N.W. 541; Loucks v. R. J. Reynolds Tobacco Co., 188 Minn. 182, 246 N.W. 893; National Battery Co. v.

Levy, 8 Cir., 126 F.2d 33, citing Minnesota cases at page 35.

4. Abbey v. Northern States Power Co., 199 Minn. 41, 271 N.W. 122; Ewer v. Coppe, 199 Minn. 78, 271 N.W. 101; Krahmer v. Voss, 201 Minn. 272, 276 N.W. 218.

5. Jones v. Avco Manufacturing Corporation, 8 Cir., 218 F.2d 406.