Harry E. KERN, Appellant,

v.

**STANDARD OIL COMPANY,**
Appellee.

No. 15350.

United States Court of Appeals
Eighth Circuit.

Jan. 10, 1956.

Wright W. Brooks, Minneapolis, Minn. (Lawrence O. Larson, Faegre & Benson, and Paul J. McGough, Minneapolis, Minn., were with him on the brief), for appellant.

Maugridge S. Robb, Minneapolis, Minn. (Robb, Robb & Van Eps, Minneapolis, Minn., were on the brief), for appellee.

Before SANBORN, JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

The plaintiff (appellant), Harry E. Kern, brought this action against the Standard Oil Company (appellee) and Robert W. Hughes as defendants to recover damages for personal injuries sustained by the plaintiff as the result of an accident which occurred in Minneapolis, Minnesota, on September 14, 1953, when the plaintiff was struck by an automobile owned by the Standard Oil Company and driven by Hughes.

In his complaint the plaintiff alleged that he is a citizen of the State of Minnesota, that the defendant Standard Oil Company is incorporated under the laws of the State of Indiana, and that the defendant Hughes, "who resides at 2009 Aldrich Avenue South, in the city of Minneapolis, was the driver of the car owned by the Standard Oil Company." The complaint further alleged that on September 14, 1953, the plaintiff was struck by an automobile being driven by Robert W. Hughes, "one of the defendants in this case, who was in the course and scope of his employment by the Standard Oil Company"; that the accident occurred on Lyndale Avenue South in the city of Minneapolis, at or near the intersection of Lyndale and Groveland Avenues; and that, "as a direct and proximate result of the carelessness and negligence of both of the defendants," plaintiff was struck by the automobile and severely injured, all to his damage in the sum of $225,000. The plaintiff asked for judgment against both defendants.

In its separate answer to the complaint the defendant Standard Oil Company admitted that its citizenship and that of the plaintiff and the residence of the defendant Hughes were as alleged in the complaint. It denied that at the time of the accident Hughes was driving the automobile within the scope of his employment, and asserted that Hughes had the automobile at the time and place of the accident without the knowledge, consent or permission of the defendant Standard Oil Company. It was also alleged in the answer that the accident was the result of the plaintiff's negligence.

The answer of the defendant Hughes is not included in the printed record, but the "Relevant Docket Entries" show that he filed his answer October 20, 1954.

The issues raised by the pleadings were tried to a jury. The District Court, at the close of the evidence, denied a motion of the defendant Standard Oil Company for a directed verdict in its favor, and submitted the case to the jury as against both Hughes and the Company.

The jury returned a verdict in favor of the plaintiff for $19,976. The Standard Oil Company moved for judgment in its favor, notwithstanding the verdict. The court granted the motion on the ground that Hughes, at the time of the accident, was using the automobile for his own purpose and without the express or implied consent of his employer Standard Oil Company. Judgment in favor of the Company was granted, D.C., 135 F.Supp. 105, from which the plaintiff has appealed.

No question of jurisdiction was raised by any of the parties in the trial court, and none has been raised in this

Court. It is obvious, however, that, unless the plaintiff and the defendant Hughes were citizens of different states, the District Court was without jurisdiction. Coal Co. v. Blatchford, 11 Wall. 172, 175–176, 20 L.Ed. 179; City of Indianapolis v. Chase National Bank, 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47; Bunn, Jurisdiction and Practice of the Courts of the United States, Fifth Edition, pages 39–40.

■■ In the complaint it is alleged, in effect, that Hughes is a resident of Minneapolis, Minnesota. If so, he is a citizen of Minnesota. Section 1, Fourteenth Amendment to the Constitution; Maple Island Farm, Inc., v. Bitterling, 8 Cir., 196 F.2d 55. In the federal courts jurisdiction must be affirmatively shown, and the requisite citizenship of the parties to give the court jurisdiction must be alleged in the complaint. Chicago, Burlington & Quincy Railway Co. v. Willard, 220 U.S. 413, 420, 31 S.Ct. 460, 55 L.Ed. 521; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135; Illinois Terminal R. Co. v. Friedman, 8 Cir., 208 F.2d 675, 676; Bunn, Jurisdiction and Practice of the Courts of the United States, Fifth Edition, page 41.

Rule 12(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides "that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

■ Lack of jurisdiction of a federal trial court touching the subject matter of litigation cannot be waived by the parties or ignored by a federal appellate court, Chicago, Burlington & Quincy Railway Co. v. Willard, supra, at pages 419–421 of 220 U.S. at pages 461–462 of 31 S.Ct., and if jurisdiction does not exist the trial court must of its own motion decline to proceed in the case. United States v. Corrick, 298 U.S. 435, 440, 56 S.Ct. 829, 80 L.Ed. 1263. If a federal district court tries a case with respect to which jurisdiction is lacking, the jurisdiction of the appellate court, on review, extends only to correcting the error of the trial court in entertaining the action. United States v. Corrick, supra, at page 440 of 298 U.S., at page 831 of 56 S.Ct. A federal appellate court, in a case under review, must satisfy itself not only of its own jurisdiction, but also of that of the district court. Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338; Illinois Terminal R. Co. v. Friedman, supra, 208 F.2d 675, 676.

■ It is perhaps possible that the jurisdictional allegations of the complaint with respect to the defendant Hughes were defective, and that he was in fact not a citizen of Minnesota at the time the action was commenced. If so, the pleadings could be amended under Section 1653, Title 28 U.S.C.A., to show that the citizenship of the parties was such that the District Court actually had jurisdiction of the action. The parties may have thirty days from the date of this opinion in which to amend any "defective allegations of jurisdiction." If the pleadings are not amended so as to establish jurisdiction on the ground of diversity of citizenship, the case must be remanded to the District Court with directions that it be dismissed for want of jurisdiction. See and compare, Illinois Terminal R. Co. v. Friedman, supra, 208 F.2d 675, 676–677.

If within thirty days the pleadings are amended so as to show that the District Court had jurisdiction to try this case, this Court will proceed to a determination of the appeal on the merits. If the pleadings are not so amended, the judgment appealed from will be vacated and the case remanded with directions that it be dismissed for lack of jurisdiction.