## BERNADINE COURT v. CASPER COURT.

108 N. W. (2d) 308.

March 17, 1961—No. 38,161.

*Quinlivan, Quinlivan & Quinlivan,* for appellant.
*Fred J. Hughes,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from a judgment entered pursuant to a verdict in favor of plaintiff.

On October 11, 1958, defendant was driving his Chevrolet automobile in a northerly direction on a public street in the village of St. Joseph in Stearns County. Plaintiff, a 37-year-old daughter of defendant, was riding with him in the front seat, and two other adult daughters, Marian and Dorothy, occupied the rear seat. Plaintiff is 4 feet tall so that when she sat in the seat in the automobile her feet did not reach the floor. She suffers from a bone condition which causes her bones to fracture quite easily, and over the years she has sustained a number of fractures. Defendant was driving between 25 and 30 miles per hour in his right lane. As he approached an intersecting street he suddenly applied his brakes, causing plaintiff to slide off the seat and fracture her leg.

Defendant testified that when he was about half a block south of the intersection he saw a car approaching from the opposite direction with bright lights; that as it approached the intersection it suddenly, without any warning, made a left turn in front of him; and that he applied his brakes to avoid a collision. He testified that this approaching car was traveling at a speed of 50 to 55 miles per hour. He further testified that he was 8 or 10 feet into the intersection when he brought his car to a stop. Neither of his two daughters in the back seat saw the other car at any time. Neither did plaintiff, but she testified that she was so short that normally she would not see over the dashboard. Both daughters who rode in the back seat testified that defendant's car was not yet in the intersection when it stopped.

Under these circumstances, defendant contends that the evidence does not sustain a finding of negligence.

We are of the opinion that the evidence is not so conclusive as to exclude a finding of negligence as a matter of law. The testimony of defendant leaves much to be desired. It is his claim that his car and the approaching car were about the same distance from the intersection when he first saw the approaching car. He estimates that the approaching car was traveling almost twice as fast as he was. Obviously his estimates are erroneous or the approaching automobile would have cleared the intersection before defendant arrived there, but his statements of speed and distance separating the two cars, at best, are estimates only, made under circumstances in which it is difficult to approach accuracy. Under these circumstances, the jury could conclude that such estimates were inaccurate. Plaintiff seeks to impute to defendant an excessive speed because of his estimate of speed of the approaching automobile, but there is no evidence to support such supposition.

Defendant's recollection of where he was when he stopped differs from that of his two daughters. If, as they say, he had not yet entered the intersection when he stopped, the jury could find that he had ample time and opportunity to stop his car in a normal manner or to slow up so as to permit the other car to clear the intersection rather than to suddenly slam on his brakes.

While the evidence of negligence is weak, we are satisfied that it was for the jury to say whether or not defendant exercised the required care in bringing his car to a stop.

Affirmed.