DAWN MARIE ANDERSON, TRUSTEE FOR NEXT OF KIN OF IRENE ANDERSON, v. HEDGES MOTOR COMPANY.

164 N. W. (2d) 364.

January 3, 1969—No. 40682.

*Harry N. Ray*, for appellant.

*Carroll, Cronin, Roth & Austin* and *Edward R. Soshnik*, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

NELSON, JUSTICE.

In this action to recover damages for death by wrongful act, the jury returned a verdict in favor of defendant, Hedges Motor Company, and plaintiff trustee appeals from the judgment entered thereon.

Plaintiff's decedent, Irene Anderson, died as the result of injuries received in an automobile accident allegedly caused by the negligence of her husband, James Anderson. At the time of the accident he was driving and his wife was a passenger in an automobile owned by defendant. The action was based upon Minn. St. 1965, § 170.54,[1] a section of the Safety Responsibility Act which then provided:

"Whenever any motor vehicle * * * shall be operated upon any public street or highway of this state, by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

The first purpose of the Safety Responsibility Act, as set forth in Christensen v. Hennepin Transp. Co. 215 Minn. 394, 409, 10 N. W. (2d) 406, 415, 147 A. L. R. 945, and quoted in Allied Mutual Cas. Co. v. Nelson, 274 Minn. 297, 301, 143 N. W. (2d) 635, 638, is "to make the owner of motor vehicles liable to those injured by their operation upon public streets or highways where no such liability would, otherwise exist." (Italics omitted.) This court has stated that the statute should be given a liberal construction to accomplish its purpose. Lange v. Potter, 270 Minn. 173, 132 N. W. (2d) 734.

---

[1] Amended by L. 1967, c. 397, § 1.

The facts in this case appear to be as follows: Defendant, a used-automobile dealer, engaged James Anderson to do body work on various used cars owned by defendant, reconditioning them for sale. Anderson made the repairs in his own garage as a part-time occupation entirely pursuant to an oral arrangement with defendant. This arrangement consisted essentially of Anderson's picking up the cars at defendant's car lot, repairing them, and returning them to defendant when finished. No exact routine was firmly established. Sometimes Anderson would pick up the cars to be repaired; sometimes his wife would pick them up and deliver them to her husband's garage; and at other times the cars were left at a prearranged place for Anderson or someone else to pick up and deliver to the Anderson garage. Anderson's dealings with defendant were almost entirely through contact with its owner and manager, Bart Hedges. Mr. Hedges generally would tell Anderson to take and repair the cars without specific instructions as to use of the cars by Anderson for personal or nonpersonal use.

The record is undisputed that at the time of the accident here involved the vehicle owned by defendant and operated by Anderson was being used by Anderson for his personal use and that this use was in no way connected with the business of defendant. At the time of the accident Anderson and his wife were returning home at approximately 12:45 a. m. April 30, 1962. The automobile involved was a 1958 Chevrolet Impala which had been in his possession about a week for repairs. He finished working on the car in the forenoon Sunday, April 29, the day preceding the accident. He did only body work on it, no mechanical work. In the afternoon Anderson and his wife drove to the races at Raceway Park between Savage and Shakopee. He worked on the "pit crew" while there. The races were over about 11 p. m. Thereafter, they went to the Brookside Tavern in Savage, where "everybody" affiliated with the races seemed to go when they were over. Later the Andersons went to the Shamrock, some distance up the road, where they had dinner. After leaving the Shamrock they went to the Meadow Inn, a place down on the river bottoms on Cedar Avenue, leaving there sometime around midnight.

Anderson, as the driver, then followed Cedar to 86th Street, let a friend off at her home, and thereafter entered Highway No. 35-W. After

going north on Highway No. 35-W, he went west on Highway No. 494. There was a drizzling rain at the time and the pavement was wet.

After entering Highway No. 494, Anderson took the right or north lane westbound and proceeded at a speed of approximately 50 miles per hour. After going about 1½ blocks, he testified, the back end of the car started to go off to the left. He got it straightened out and then it snapped and went the other way, going sideways. The car then hit a pole, the right side of the car colliding with it. His wife was injured and died at the scene.

■ To recover under the Safety Responsibility Act under the stated facts, plaintiff must show: (1) Defendant, Hedges Motor Company, in fact owned the vehicle; (2) it gave consent, either express or implied, to Anderson to drive the car, not only when he first obtained the vehicle but also at the time and place of the accident; (3) Anderson was negligent in the operation of the vehicle; and (4) such negligence was the proximate cause of the accident and the injuries which resulted in the death of Irene Anderson. See, Frye v. Anderson, 248 Minn. 478, 80 N. W. (2d) 593; Patterson-Stocking, Inc. v. Dunn Bros. 201 Minn. 308, 276 N. W. 737.

No issue of ownership is presented. Defendant admits it owned the car at the time of the accident. It is clear also that the evidence would support findings that James Anderson drove negligently and that his negligence caused the accident. Also, there is no dispute over the fact that permission was given for the original use of the vehicle in making body repairs thereon. Thus, the ultimate issue on this appeal is whether defendant consented to Anderson's using the vehicle during the time and at the place of the accident. No evidence appears in the record to prove express consent, so the remaining question is whether defendant had given implied consent.

Implied consent may be inferred from all the facts and circumstances of a case. Beebe v. Kleidon, 242 Minn. 521, 65 N. W. (2d) 614. Whether implied consent exists is a fact question for the jury's determination. Carlson v. Fredsall, 228 Minn. 461, 37 N. W. (2d) 744.

■ In Allied Mutual Cas. Co. v. Nelson, *supra*, the owner of the car gave permission to her daughter and her daughter's suitor to use it

for the purpose of making a trip to a neighboring town. It appears that upon their return the daughter requested permission for continued use of the vehicle to attend the cinema. The mother-owner consented but with the requirement that they return home immediately following the movie. Instead of following her mother's instructions, the daughter and her suitor drove around the town and to another neighboring town. As they were returning from it, they were involved in an accident. Suit was brought by the owner of the car and her insurer for a declaratory judgment concerning insurance coverage. This court pointed out that we have proceeded on a case-by-case basis in resolving the issue as to whether or not the bailee was using the automobile within the scope of the permission granted. We concluded in the Allied case that the facts did not justify a holding that there was a substantial deviation from the restrictions imposed, even though the daughter and her suitor had driven about in the automobile instead of attending a movie as they had represented to the owner. We also concluded that the permission to use the automobile necessarily extended through the length of the movie and thus was in effect at the time and place of the accident.

On the facts presented in the instant case, even though no specific restrictions were imposed by defendant, there is no proof that defendant expressly consented to an unlimited use of the vehicle. Defendant and Anderson both understood that Anderson's job was to pick up, repair, and return the automobiles to defendant. Anderson testified he had used one of defendant's cars for personal business on one occasion, pursuant to a specific request to use a car he was working on in order to pick up groceries and to allow his wife to visit her doctor. That incident had occurred several months before the accident.

This court has held that previous use of an automobile with express consent of the owner could not be construed as evidence of implied consent at a subsequent time so as to render the owner liable for the negligence of the driver under the Safety Responsibility Act. Kayser v. Jungbauer, 217 Minn. 140, 14 N. W. (2d) 337; Krahmer v. Voss, 201 Minn. 272, 276 N. W. 218. The inference of permission which arises upon establishing defendant's ownership of the automobile and the driver's employment by defendant does not relieve the claimant of the burden

of proving that the vehicle was being used with the permission of the owner at the time and place of the accident. Truman v. United Products Corp. 217 Minn. 155, 14 N. W. (2d) 120. Consent must be determined like any other fact. Koski v. Muccilli, 201 Minn. 549, 277 N. W. 229.

It is thus clear that prior express consent at another time and in reference to another car taken over by Anderson for repairs can in no way be considered evidence of implied consent to use the automobile involved in the accident for purposes unrelated to the repair arrangements between the parties and at the time when and the place where the accident occurred. The record as a whole indicates from all the circumstances presented by the evidence that implied restrictions as to use existed and that Anderson was at all times aware of them. Had he not been so aware, he would not have asked permission to use one of defendant's cars for grocery shopping and going to the doctor. In that instance he sought permission to use a car belonging to defendant to run some errands, whereas the night of the accident he was using the car chiefly for pleasure. Clearly, if the former use prompted a request for permission, consent cannot, upon the evidence herein, be presumed for the latter use.

The foregoing discussion makes it plain that the court fairly charged the jury on the issue of consent:

"* * * [T]he owner of a motor vehicle against whom a claim is made is responsible for the negligence of the person driving his vehicle with his consent at the time of the accident. Before the defendant, Hedges Motor Company, can be found responsible for any negligence on the part of Mr. Anderson, you must find, 1) that the defendant consented to the use of the vehicle by Mr. Anderson, and 2) that such consent existed at the time of the accident. Consent may be found from the consideration of all of the surrounding facts and circumstances, taking into consideration among other things, 1) the discussions, if any, relating to the use of the vehicle of the defendant, 2) the purpose [for] which the vehicle involved in the accident was being used, 3) the relationship existing between the Hedges Motor Company, the owner of the vehicle, and Mr. Anderson, the driver. An owner may give his express or implied consent for the use of his vehicle by another, but by direct statement or by implication limit such use to a particular person, time, place or purpose. If

the limits of consent were exceeded in one or more of these respects at the time of the accident, the owner is not responsible for the driver's negligence during the time of such unauthorized use. Previous use of a car with express consent cannot be construed as evidence of implied consent at a subsequent time."

Mere proof of the happening of an accident without more is not enough to establish negligence or its causal relation to the damage. Forde v. N. P. Ry. Co. 241 Minn. 246, 63 N. W. (2d) 11; State, by Burnquist, v. Paskewitz, 233 Minn. 452, 47 N. W. (2d) 199. On this record, however, the issue of negligence on the part of Anderson was clearly a fact question which the trial court properly left to the jury to decide.

No legal grounds appear upon which a reversal or a new trial should be granted. The judgment must be affirmed.

Affirmed.