JOANNE FIWKA AND OTHERS v.
DONALD EUGENE JOHANNES.

177 N. W. (2d) 782.

May 29, 1970—No. 42094.

248

*Marvin A. Holt,* for appellants.
*Ralph T. Lilly,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and James F. Murphy, JJ.

JAMES F. MURPHY, JUSTICE.*

This is an appeal from an order denying the motion of plaintiffs, Joanne and Mykola Fiwka and Russell L. and Retha Abraham, for a new trial after the jury returned a verdict finding defendant, Donald Eugene Johannes, not negligent.

At approximately 3:30 a. m. on February 11, 1968, Russell Abraham's car stalled on Trunk Highway No. 47. Mrs. Abraham and Mrs. Fiwka were passengers in the car. Defendant, driving his 1964 Chevrolet and accompanied by a friend, stopped to see if he could be of assistance. He pushed the Abraham car, but that failed to start it. He then offered to give the women a ride to a gas station where they might get a tow truck. Mrs. Fiwka and Mrs. Abraham accepted because it was 11 degrees below zero and they were very cold. Defendant said that he wanted to take the women with him so that when he found a gas station they could go back with the tow truck and he could go on.

Defendant drove to an Anoka gas station, but it had no tow truck available. Mrs. Abraham called other gas stations, but because of the late hour she was unable to find one that had a tow truck available. Defendant then began to drive the women back to pick up Mr. Abraham.

Defendant testified that on the way back he was driving about

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

30 miles per hour. Mrs. Fiwka and Mrs. Abraham testified that he was "driving fast" and that they asked him to slow down. Driving north on Highway No. 47, defendant came to a fork where one road led into the fairgrounds and Highway No. 47 continued on the other. He started to go on the road which led into the fairgrounds but realized he had made a mistake. The road was covered with ice. He started to apply his brakes and turn back to Highway No. 47. The car skidded into the guardrail and all the occupants of the car were knocked unconscious.

Plaintiffs alleged negligence on the part of defendant. The jury returned a verdict finding that defendant was not negligent. Plaintiffs appeal, contending that as a matter of law the evidence established that defendant was negligent.

On this point, the trial court in its memorandum stated that it was undisputed that it was 11 degrees below zero; that the road was all ice; that there were divided roadways and a guardrail; and that all of these conditions caused the defendant to become confused. The court apparently felt that under these circumstances the jury could have reasonably concluded "that the defendant had made reasonable excuse and justification for the accident."

This court has repeatedly held that the issue of negligence is a question of fact to be resolved by the jury. Truso v. Ehnert, 177 Minn. 249, 225 N. W. 98; Fink v. Baer, 180 Minn. 433, 230 N. W. 888; Kime v. Koch, 227 Minn. 372, 35 N. W. (2d) 534; Court v. Court, 259 Minn. 520, 108 N. W. (2d) 308. If the evidence is so conclusive as to leave no room for any difference of opinion, then the issue of negligence ceases to be one of fact. Coble v. Lacey, 252 Minn. 423, 430, 90 N. W. (2d) 314, 320; Jude v. Jude, 199 Minn. 217, 271 N. W. 475.

In Hanson v. Bailey, 249 Minn. 495, 83 N. W. (2d) 252, it was held that defendant was negligent as a matter of law where, after ignoring a "Road Closed" sign, he drove 45 miles per hour in a construction area where he should have known the road would be obstructed. Cases such as Hanson are the exception

rather than the rule. In many cases the evidence will permit a finding by the jury either way. Svercl v. Jamison, 252 Minn. 8, 88 N. W. (2d) 839.

In Svercl the defendant, with plaintiff as a passenger, was driving his car about 30 miles per hour on a curving road; it was winter and icy. The car went off the road. The jury returned a verdict for plaintiff and the trial court granted defendant's motion for judgment notwithstanding the verdict. This court reversed, saying that the issue of negligence was for the jury to determine.

In Winans v. Sinanovski, 211 Minn. 606, 2 N. W. (2d) 127, defendant was driving, with plaintiff as a passenger. The road forked and defendant followed the road to the left, but realizing it was the wrong way, she turned and began to apply her brakes. The occupants of the car heard a loud noise and the car turned over. Defendant contended the cause of the accident was a tire blowout. This court affirmed judgment for plaintiff, holding that under the facts and circumstances the question of negligence was for the jury.

As in Winans, the question of negligence in the instant case was for the jury. There was evidence here from which the jury could find that the defendant was driving at a reasonable rate of speed when he took the wrong fork in the road; that the road he turned onto was covered with ice; and that he tried to slow down and return to the main road, but hit the guardrail. As in Winans, the jury determined the issue of defendant's negligence against the plaintiffs. See, also, Delyea v. Goossen, 226 Minn. 91, 32 N. W. (2d) 179, and Anderson v. Hedges Motor Co. 282 Minn. 217, 164 N. W. (2d) 364.

Affirmed.